FILED

2004 APR -1  P 2 07

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | March 29, 2004 |
| Defendant. | |

## MOTION TO MODIFY AND EXTEND DISCOVERY AND CONDUCT MEDIATION PROCEEDINGS

The Defendant Frank Perrotti Jr. in the above titled by his attorney hereby moves that the informal scheduling order made by this Court on or about October 6, 2003 regarding the reopening and completion of discovery, the scheduling and conducting of mediation and the filing of a Joint Trial Memorandum be modified as set forth below for the reasons stated as follows:

1.      On or about October 7, 2003, the Court at the conclusion of a joint telephonic status conference regarding this case and the companion case entitled "Clean Waste, Inc. v. The Connecticut Indemnity Company, et al", Case No. 3:02 CV2105 (RNC), ordered that discovery be reopened in this case through December 2003 to include the taking of depositions by the Plaintiff The Connecticut Indemnity Company and by the Defendant

Frank Perrotti and that without the need for a formal Motion for Consolidation the two cases were considered consolidated for the present purposes.

2.      The Court further ordered that mediation of this case proceed as soon as possible following the completion of the outstanding depositions and the closing of discovery and that, if the matter had not been resolved by the end of March, 2004, a Pre Trial Memorandum would be due.

3.      Subsequent to the October 7, 2003 joint status conference, the Defendant served Interrogatories and Requests for Production of Documents upon the Plaintiff on or about October 8, 2003. The Plaintiffs' responses to the Defendants' Interrogatories and Requests for Production were not received by the Defendant on or about November 25, 2003.

4.      On or about October 15, 2003 the Plaintiff served a Second Request for Production of Documents and Interrogatories upon the Defendant which was followed by a Supplemental Request for Production of Documents received by the Defendant on November 14, 2003 to which the Defendant responded as to both on December 4, 2003.

5.      Following the Defendant's receipt of the Plaintiffs' responses to the Defendants' Interrogatories and Request for Production, the Defendant sought scheduling of the Depositions of the Plaintiffs' representative Donald Roberts and of John Sterling, the representative of the Plaintiffs' general agent, Marine MGA, a defendant in the companion action.

6.     Following the Plaintiffs' receipt of the Defendants' responses to the Plaintiffs' further discovery requests, the Defendant sought the scheduling of the deposition of a representative of First Nations Financial Services, a Defendant in the companion action.

7.     Upon the setting of a date for the Plaintiffs taking of the deposition of a representative of First Nations Financial Services, and the unavailability of any mutual convenient dates for the Defendants' taking of depositions of Messrs. Sterling and Roberts, the Defendant unilaterally noticed their depositions for the afternoon of December 18, 2003 and the morning of December 23, 2003 respectfully.

8.     The Plaintiff declined to proceed with the deposition of Mr. Sterling on the afternoon of December 18, 2003 on the basis of inadequate notice and similarly declined to proceed with the taking of Mr. Roberts' deposition on December 23, 2003 due to Mr. Roberts' unavailability and/or scheduling difficulties.

9.     The Plaintiff proceeded with the taking of Mr. Jay Lorinsky's deposition as a representative of First Nations Financial Services on December 18, 2003 reserving the right to continue same at a later date due to the incompleteness of Mr. Lorinsky's file as produced for the deposition.

10.    During breaks in and at the conclusion of the Lorinsky deposition requests were made of the Plaintiff by the Defendant for dates in January or February for the depositions of Messrs. Sterling and Roberts to which no response was provided to the Defendant by the Plaintiff.

11.     Although further document production took place between the parties in this case and also between the parties in the second companion case in December and January no dates for the depositions of Messrs. Sterling's and Roberts were able to be agreed upon between the several counsel of record due to schedule conflicts.

12.     Further efforts to set mutually available dates for the continued deposition of Mr. Lorinsky and the depositions of Messrs. Sterling and Roberts were undertaken in February and early March when ultimately the dates of March 31, 2004 were able to be set for the continuation of Mr. Lorinsky's deposition and the deposition of Mr. Sterling or Roberts and April 21, 2004 for the taking of Mr. Sterling or Mr. Roberts depending upon who was deposed in March 31, 2004.

13.     During and subsequent to the taking of Mr. Lorinsky's deposition on December 18, 2003, the names of potential mediators which had previously been proposed by the Defendant Perrotti as well as other potential mediators including Magistrate Judge Thomas P. Smith were discussed among counsel.

14.     In February, 2004 the Defendant Perrotti in this case and the Plaintiff Clean Waste, Inc. in the companion action, confirmed to all counsel that Magistrate Judge Smith was acceptable as a proposed mediator and that unless an objection was raised by other counsel, efforts would be undertaken to determine Magistrate Smith's availability for the mediations of this matter and approval referrals would be sought.

15.     No objections were raised by any party in either case except that counsel for CIC and Marine MGA requested further information regarding Magistrate Smith without specifying what information was being sought.

16.     The parties to both pending actions and their respective counsel have agreed upon the taking of the remaining depositions on March 31, 2004 and April 21, 2004 unless an earlier date can be found in lieu of April 21, 2004.

17.     While all parties and their counsel have been reasonably diligent in attempting to meet the time frame generally agreed upon during the October 6, 2003 status conference for the completing of the outstanding discovery and mediation proceedings, the coordination of schedules for the several counsel involved has made it extremely difficult to determine and set mutually agreed upon dates available to all parties.

18.     Based upon the forgoing, it is respectfully requested that the dates previously set during the Status conference on October 7, 2003 for the completion of outstanding matters in this case be modified as follows:

   A.    That the depositions remaining to be taken in this case be completed by April 21, 2004.

   B.    That a Settlement Conference be held as soon as possible after the completion of the remaining depositions and before the commencement of the mediation.

   C.    That the non-binding mediation proceeding jointly agreed to by all parties in this action and the companion action be commenced by May 20, 3004 and concluded by June 20, 2004 subject to the schedule of the mediator of such proceeding.

D.  That a Joint Trial Memorandum be filed in this matter by July 20, 2004 in the event that this matter is not resolved, settled or otherwise deposed of by that date.

19.  No previous Motions have been made to modify and/or extend the discovery and mediation scheduling set by this Court on or about October 6, 2003.

WHEREFORE, for the reasons set forth above, the Defendant respectfully prays that this Motion to Modify and Extend Discovery and Conduct Mediation Proceedings be granted in accordance with the proposed terms.

                                     THE DEFENDANT
                                     FRANK PERROTTI, JR.

By: _____
    John L. Senning, Esq. (CT05807)
    Senning & Rieder
    The Essex Law Group
    16 Saybrook Road
    Essex, CT 06426
    (860) 767-2618
    email: jlssealaw@aol.com
    His Attorney

## CERTIFICATION

      I hereby certify that on March 30, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, and by telefax and/or electronically by email to the following:

      James W. Carbin, Esq.
      Duane Morris
      744 Broad St., Suite 1200
      Newark, NJ 07102-3889

and to all counsel in the companion case, Clean Waste Inc. v. The Connecticut Indemnity Company, Case No. 3:02 CV2105 (RNC);

      Mary E.R. Bartholic, Esq.
      Thomas W. Witherington, Esq.
      Cohn, Birnbaum & Shea, P.C.
      100 Pearl St.
      Hartford, CT 06103-4500

      Frank J. Liberty, Esq.
      Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
      Two Union Plz #200
      P.O. Box 1591
      New London, CT 06320-1591

      Christopher P. Weldon, Esq.
      Darren P. Renner, Esq.
      Lustig & Brown, LLP
      1150 Summer Street
      Stamford, CT 06905-5555

_/s/ John L. Senning_
John L. Senning