Samuel B. Mayer, Esq. (CT14821)
46 Woodbury Avenue
Stamford, Connecticut 06907
(203) 324-0711

-and-

James W. Carbin, Esq. (CT13762)
DUANE MORRIS LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Plaintiff,
The Connecticut Indemnity Company

FILED

2004 JUN -8 A 10: 46

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Index No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE CONNECTICUT INDEMNITY COMPANY'S MOTION FOR SANCTIONS**

DUANE MORRIS LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Plaintiff,
The Connecticut Indemnity Company

NWK\93000.1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of plaintiff's motion for sanctions, pursuant to Fed. R. Civ. Proc. 37(b)(2), for Defendant Perrotti's disregard of this Court's April 12, 2004, Order, directing counsel to appear for a settlement conference on June 3, 2004, "accompanied by the appropriate persons with the authority to settle." (See April 12, 2004, Order, attached hereto as Exhibit A). On June 3, 2004, counsel for Connecticut Insurance Company ("CIC") in this action and for Marine MGA ("MGA") in the related action appeared, along with their party representatives, for the mandated settlement conference. Both counsel for defendant Perrotti and Mr. Perrotti failed to attend. (See Declaration of James W. Carbin in support of Motion for Sanctions, at paragraph 7, attached hereto as Exhibit B).

CIC and MGAPlaintiff requests that the Court award them the cost and fees incurred in having to prepare for and attend the court ordered settlement conference that was frustrated by Perrotti's non appearance and in preparing this application.

## LEGAL ARGUMENT

## THE DEFENDANTS SHOULD BE SANCTIONED FOR BLATANTLY VIOLATING THE COURT'S APRIL 12, 2004, ORDER

Fed. R. Civ. Proc. 37(b), entitled "Failure to Comply with Order," provides in part:

> (2) **Sanction by Court in Which Action Is Pending.** If a party or an officer, director, or managing agent of a party … fails to obey an order …    the Court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination
>
> * * *
>
> In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially

> justified or that other circumstances make an award of expenses unjust.

This Court has broad discretion to impose any of the listed sanctions or any other sanction it deems appropriate. See, e.g. Sterling Promotional Corp. v. Travelers Poperty & Casualty Co., 2004 U.S. App. LEXIS 75 (January 6, 2004). Moreover, district courts also have inherent power to control proceedings, and "one component of a court's inherent power [to control cases] is the power to assess costs and attorneys' fees against either the client or his attorney where a party has "'acted in bad faith ....'" United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, (1975).

Furthermore, this court has the inherent authority to require the party not complying with a court order and/or the party's attorney, see Stuart I. Levin & Associates, P.A. v. Rogers, 156 F.3d 1135, 1140 (11th Cir. 1998), to pay all expenses, including a reasonable attorney fee, incurred by the moving party as a result of the failure to comply. See, e.g., Cobell v. Babbitt, 188 F.R.D. 122, 125 (D.D.C. 1999). Finally, the Court must award such expenses unless it finds that the failure to was "substantially justified" or that other circumstances exist that would make the award "unjust." Koehler v. Bank of Bermuda, Ltd., 2003 WL 289640 (S.D.N.Y. 2003).

Here, defendants conduct was neither "substantially justified," nor would the award be "unjust." It is beyond dispute that the Defendant has simply ignored this Court's April 12, 2004 Order. Despite the clear and unambiguous terms of the Order, both counsel for defendant Perrotti and Mr. Perrotti failed to attend the settlement conference. This type of contemptuous conduct warrants the imposition sanctions. The costs and fees incurred by plaintiff in having to prepare for and attend the court ordered settlement conference, as well as the costs and fees associated in preparing this application, were frustrated by Perrotti's non-appearance and defendant's blatant disregard of this Court's April 12, 2004, Order.

## CONCLUSION

For the aforementioned reasons, the Court should grant plaintiff's motion for sanctions against defendant Frank Perrotti, Jr. and/or defendant's attorney, pursuant to <u>Fed. R. Civ. Proc.</u> 37(b)(2), for failing to appear at the June 3, 2004, settlement conference as per this Court's Order dated April 12, 2004.

Dated: June 7, 2004                            Respectfully submitted,

                                               By: _____
                                               James W. Carbin (CT13762)
                                               **DUANE MORRIS LLP**
                                               744 Broad Street, Suite 1200
                                               Newark, New Jersey 07102
                                               (973) 424-2000
                                               Attorneys for Plaintiff,
                                               The Connecticut Indemnity
                                               Company