


UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | June 23, 2004 |
| Defendant. | |

**MEMORANDUM IN OPPOSITION
TO BRUEN DELDIN DIDIO ASSOCIATES, INC'S
MOTION FOR SANCTIONS**

This is a Memorandum on behalf of Frank Perrotti, Jr., Clean Waste, Inc. and John L. Senning, Esq., their attorney, in opposition to Bruen Deldin Didio Associates, Inc.'s Motion for Sanctions/Attorney Fees for their failure to attend a Settlement Conference in the above captioned matter and the related matter, Clean Waste, Inc. v. The Connecticut Indemnity Co., et al, Case No. 3:02CV2105 (RNC) on June 3, 2004.

On or about March 29, 2004, Frank Perrotti, Jr. by his attorney, John L. Senning, Esq., filed a Motion for Referral to Magistrate for Mediators and Scheduling of Settlement Conference. A copy of said Motion is attached hereto as Exhibit A. The Motion requested that this matter be referred to Magistrate Judge Thomas P. Smith for non-binding mediation and that a settlement conference be scheduled prior to the commencement of the mediation proceeding.

Subsequent to the filing of said Motion, notification was received that the matter had been referred to Magistrate Judge Martinez. The Motion for Referral to Magistrate Judge Smith had been based upon the joint agreement of all counsel involved in this case and the related case that the matter would be specifically referred to Magistrate Judge Smith. Under such circumstances, the Court was contacted by the undersigned and some of the other counsel involved in these two cases and the request was made that the magistrate referral specifically be made to Magistrate Judge Smith. After a number of telephone conferences with Court personnel, it was confirmed that the matter would be referred to Magistrate Judge Smith and that the referral to Magistrate Judge Martinez would be vacated.

On April 3, 2004, counsel for Frank Perrotti, Jr. received an email notification that Perrotti's Motion for Extension of Time to April 21, 2004 to complete discovery, to July 20, 2004 to submit the Joint Trial Memorandum and to July 20, 2004 for a Settlement Conference had been docketed. The scheduling/docket clerk at Attorney Senning's office, who was not familiar with the new email notification system, inadvertently docketed the date of July 20, 2004 for a Settlement Conference and the filing of the Joint Trial Memorandum assuming that that date was a firm date for those items.

A review of the file and the double diary system maintained at Attorney Senning's firm failed to disclose receipt of any notice from the Court regarding the scheduling of a Settlement Conference for June 3, 2002. In addition, in connection with the scheduling of settlement conferences in other cases before this Court, it has been the past experience to receive a specific notice from the Judge assigned to the Settlement Conference regarding

specific requirements with respect to pre-settlement conference submissions as well as the requirements regarding the mandatory attendances of certain parties and settlement authority.

As a consequence of not receiving any communications regarding the scheduling of a Settlement Conference for June 3, 2004, or any requirements for pre-conference submissions or attendance by clients, neither Frank Perrotti for nor his attorney John L. Senning were aware of the Settlement Conference until Attorney Senning was contacted by Attorney James Carbin, attorney for The Connecticut Indemnity Company, by telephone at approximately 11:30 AM on June 3, 2004. At that time, Attorney Senning advised Attorney Carbin that he (Attorney Senning) was completely unaware of the conference, but could be at Court in Hartford within forty-five minutes or slightly more (the time it takes to drive, park and arrive at Court). Attorney Carbin advised that he and other counsel were not willing to wait that period and that arrangements would have to be made to reschedule the Settlement Conference to another date.

The failure of Attorney Senning and Frank Perrotti, Jr. was not the result of neglect or any disregard of any notice from the Court, but rather as the result of not receiving any notice or any other communication whatsoever regarding a Settlement Conference on June 3, 2004. The only diary or scheduling document entry of record at Attorney Senning's office regarding this matter pertained to the July 20, 2004 dates referenced in the Court's email docket notification.

                                                          THE DEFENDANT
                                                         FRANK PERROTTI, JR.

                                                         By: _____
                                                             John L. Senning, Esq. (CT05807)
                                                             Senning & Rieder
                                                             The Essex Law Group
                                                             16 Saybrook Road
                                                             Essex, CT 06426
                                                            (860) 767-2618
                                                            email: jlssealaw@aol.com
                                                            His Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | March 29, 2004 |
| Defendant. | |

### MOTION TO MODIFY AND EXTEND DISCOVERY AND CONDUCT MEDIATION PROCEEDINGS

The Defendant Frank Perrotti Jr. in the above titled by his attorney hereby moves that the informal scheduling order made by this Court on or about October 6, 2003 regarding the reopening and completion of discovery, the scheduling and conducting of mediation and the filing of a Joint Trial Memorandum be modified as set forth below for the reasons stated as follows:

1.      On or about October 7, 2003, the Court at the conclusion of a joint telephonic status conference regarding this case and the companion case entitled "Clean Waste, Inc. v. The Connecticut Indemnity Company, et al", Case No. 3:02 CV2105 (RNC), ordered that discovery be reopened in this case through December 2003 to include the taking of depositions by the Plaintiff The Connecticut Indemnity Company and by the Defendant

**EXHIBIT " A "**

Frank Perrotti and that without the need for a formal Motion for Consolidation the two cases were considered consolidated for the present purposes.

2. The Court further ordered that mediation of this case proceed as soon as possible following the completion of the outstanding depositions and the closing of discovery and that, if the matter had not been resolved by the end of March, 2004, a Pre Trial Memorandum would be due.

3. Subsequent to the October 7, 2003 joint status conference, the Defendant served Interrogatories and Requests for Production of Documents upon the Plaintiff on or about October 8, 2003. The Plaintiffs' responses to the Defendants' Interrogatories and Requests for Production were not received by the Defendant on or about November 25, 2003.

4. On or about October 15, 2003 the Plaintiff served a Second Request for Production of Documents and Interrogatories upon the Defendant which was followed by a Supplemental Request for Production of Documents received by the Defendant on November 14, 2003 to which the Defendant responded as to both on December 4, 2003.

5. Following the Defendant's receipt of the Plaintiffs' responses to the Defendants' Interrogatories and Request for Production, the Defendant sought scheduling of the Depositions of the Plaintiffs' representative Donald Roberts and of John Sterling, the representative of the Plaintiffs' general agent, Marine MGA, a defendant in the companion action.

6. Following the Plaintiffs' receipt of the Defendants' responses to the Plaintiffs' further discovery requests, the Defendant sought the scheduling of the deposition of a representative of First Nations Financial Services, a Defendant in the companion action.

7. Upon the setting of a date for the Plaintiffs taking of the deposition of a representative of First Nations Financial Services, and the unavailability of any mutual convenient dates for the Defendants' taking of depositions of Messrs. Sterling and Roberts, the Defendant unilaterally noticed their depositions for the afternoon of December 18, 2003 and the morning of December 23, 2003 respectfully.

8. The Plaintiff declined to proceed with the deposition of Mr. Sterling on the afternoon of December 18, 2003 on the basis of inadequate notice and similarly declined to proceed with the taking of Mr. Roberts' deposition on December 23, 2003 due to Mr. Roberts' unavailability and/or scheduling difficulties.

9. The Plaintiff proceeded with the taking of Mr. Jay Lorinsky's deposition as a representative of First Nations Financial Services on December 18, 2003 reserving the right to continue same at a later date due to the incompleteness of Mr. Lorinsky's file as produced for the deposition.

10. During breaks in and at the conclusion of the Lorinsky deposition requests were made of the Plaintiff by the Defendant for dates in January or February for the depositions of Messrs. Sterling and Roberts to which no response was provided to the Defendant by the Plaintiff.

11.     Although further document production took place between the parties in this case and also between the parties in the second companion case in December and January no dates for the depositions of Messrs. Sterling's and Roberts were able to be agreed upon between the several counsel of record due to schedule conflicts.

12.     Further efforts to set mutually available dates for the continued deposition of Mr. Lorinsky and the depositions of Messrs. Sterling and Roberts were undertaken in February and early March when ultimately the dates of March 31, 2004 were able to be set for the continuation of Mr. Lorinsky's deposition and the deposition of Mr. Sterling or Roberts and April 21, 2004 for the taking of Mr. Sterling or Mr. Roberts depending upon who was deposed in March 31, 2004.

13.     During and subsequent to the taking of Mr. Lorinsky's deposition on December 18, 2003, the names of potential mediators which had previously been proposed by the Defendant Perrotti as well as other potential mediators including Magistrate Judge Thomas P. Smith were discussed among counsel.

14.     In February, 2004 the Defendant Perrotti in this case and the Plaintiff Clean Waste, Inc. in the companion action, confirmed to all counsel that Magistrate Judge Smith was acceptable as a proposed mediator and that unless an objection was raised by other counsel, efforts would be undertaken to determine Magistrate Smith's availability for the mediations of this matter and approval referrals would be sought.

15. No objections were raised by any party in either case except that counsel for CIC and Marine MGA requested further information regarding Magistrate Smith without specifying what information was being sought.

16. The parties to both pending actions and their respective counsel have agreed upon the taking of the remaining depositions on March 31, 2004 and April 21, 2004 unless an earlier date can be found in lieu of April 21, 2004.

17. While all parties and their counsel have been reasonably diligent in attempting to meet the time frame generally agreed upon during the October 6, 2003 status conference for the completing of the outstanding discovery and mediation proceedings, the coordination of schedules for the several counsel involved has made it extremely difficult to determine and set mutually agreed upon dates available to all parties.

18. Based upon the forgoing, it is respectfully requested that the dates previously set during the Status conference on October 7, 2003 for the completion of outstanding matters in this case be modified as follows:

    A. That the depositions remaining to be taken in this case be completed by April 21, 2004.

    B. That a Settlement Conference be held as soon as possible after the completion of the remaining depositions and before the commencement of the mediation.

    C. That the non-binding mediation proceeding jointly agreed to by all parties in this action and the companion action be commenced by May 20, 3004 and concluded by June 20, 2004 subject to the schedule of the mediator of such proceeding.

D.  That a Joint Trial Memorandum be filed in this matter by July 20, 2004 in the event that this matter is not resolved, settled or otherwise deposed of by that date.

19.  No previous Motions have been made to modify and/or extend the discovery and mediation scheduling set by this Court on or about October 6, 2003.

WHEREFORE, for the reasons set forth above, the Defendant respectfully prays that this Motion to Modify and Extend Discovery and Conduct Mediation Proceedings be granted in accordance with the proposed terms.

THE DEFENDANT
FRANK PERROTTI, JR.

By: _____
John L. Senning, Esq. (CT05807)
Senning & Rieder
The Essex Law Group
16 Saybrook Road
Essex, CT 06426
(860) 767-2618
email: jlssealaw@aol.com
His Attorney

## **CERTIFICATION**

       I hereby certify that on March 30, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, and by telefax and/or electronically by email to the following:

    James W. Carbin, Esq.
    Duane Morris
    744 Broad St., Suite 1200
    Newark, NJ 07102-3889

and to all counsel in the companion case, <u>Clean Waste Inc. v. The Connecticut Indemnity Company</u>, Case No. 3:02 CV2105 (RNC);

    Mary E.R. Bartholic, Esq.
    Thomas W. Witherington, Esq.
    Cohn, Birnbaum & Shea, P.C.
    100 Pearl St.
    Hartford, CT 06103-4500

    Frank J. Liberty, Esq.
    Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
    Two Union Plz #200
    P.O. Box 1591
    New London, CT 06320-1591

    Christopher P. Weldon, Esq.
    Darren P. Renner, Esq.
    Lustig & Brown, LLP
    1150 Summer Street
    Stamford, CT 06905-5555

                                                                _____
                                                                 John L. Senning

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK PERROTTI, JR.,<br><br>Defendant. | Case No. 301CV1410 (RNC)<br><br><br><br>June 23, 2004 |

**AFFIDAVIT OF JOHN L. SENNING**

The undersigned, John L. Senning, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and understand the obligations of an oath.

2. I am the attorney for Frank Perrotti, Jr. in the above captioned matter and for Clean Waste, Inc. in the related matter <u>Clean Waste, Inc. v. the Connecticut Indemnity Co., et al</u>, Case No. 3:02CV2105 (RNC).

3. I have been admitted to practice before this Curt since 1976.

4. I have never been late for or missed a Court scheduled hearing before this Court or any other Court.

5. My office maintains a duplicate diary/scheduling system to diary all Court matters.

Page 1 of 3

6. Although this office had been in receipt of numerous notices form this Court regarding this case and the related matter since their inception, I have no record of ever receiving any notification regarding the scheduling of a June 3, 2004 Settlement Conference in this matter and the related matter.

7. My client has been and is most anxious to explore every possible avenue available which might lead to a resolution to this matter.

8. I was completely unaware of the June 3, 2004 date for the scheduling of a Settlement Conference before Magistrate Judge Smith. In addition, my office did not receive any form of notice from the Court, as has been the usual case in the past regarding other settlement conferences in other cases, regarding requirements for pre-conference submissions and the mandatory attendance of clients or personnel of clients with settlement authority.

9. The first time I was aware of the June 3, 2004 Settlement Conference was upon receipt of a telephone call from Attorney James Carbin, Attorney for the Connecticut Indemnity Company at approximately 11:30 AM on June 3, 2004 inquiring as to why I was not in attendance.

10. I advised that I had had a calendar marked for July 20, 2004 for a Settlement Conference, but had no notice whatsoever regarding any June 3, 2004 conference.

11. I advised Attorney Carbin that I could be in Court within forty-five minutes or slightly more since it takes forty-five minutes to drive from my office to Court.

12. I was advised that he and other counsel were not willing to wait until then and that the Settlement Conference would have to be rescheduled.

13. The holding of a Settlement Conference in these matters was a much awaited step in the process of resolving same and I would not have inadvertently or for any other reason disregard the scheduling of same had I had any notice.

14. I deeply regret the inconvenience to this Court and to all counsel and their respective clients. However, without receiving any notice of the Settlement Conference, I was completely unaware of same until receiving Attorney Carbin's telephone call.

Subscribed and sworn to before me
this 23rd day of June, 2004

_____
Notary Public
My Commission Expires: 9-30-08

## CERTIFICATION

      I hereby certify that on June 23, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, and by telefax and/or electronically by email to the following:

James W. Carbin, Esq.
Duane Morris
744 Broad St., Suite 1200
Newark, NJ 07102-3889

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl St.
Hartford, CT 06103-4500

Frank J. Liberty, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
Two Union Plz #200
P.O. Box 1591
New London, CT 06320-1591

Christopher P. Weldon, Esq.
Darren P. Renner, Esq.
Lustig & Brown, LLP
1150 Summer Street
Stamford, CT 06905-5555

                                                        _____
                                                        John L. Senning