UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK PERROTTI, JR.,<br><br>Defendant. | Case No. 3:01CV1410 (RNC)<br><br><br><br>June 28, 2004 |

**MEMORANDUM IN OPPOSITION
TO THE CONNECTICUT INDEMNITY COMPANY'S AND MARINE MGA'S
MOTION FOR SANCTIONS**

This is a Memorandum on behalf of Frank Perrotti, Jr., Clean Waste, Inc. and John L. Senning, Esq., their attorney, in opposition to the Motion for Sanctions for Failure to Appear dated June 7, 2004 by The Connecticut Indemnity Company and Marine MGA, Inc. for the failure of Frank Perrotti, Jr., Clean Waste, Inc. and Attorney Senning to attend a Settlement Conference in connection with the above captioned matter and the related matter, Clean Waste, Inc. v. The Connecticut Indemnity Co., et al, Case No. 3:02CV2105 (RNC) on June 3, 2004 before the Honorable Magistrate Thomas P. Smith.

On or about March 29, 2004, Frank Perrotti, Jr. by his attorney, John L. Senning, Esq., filed a Motion for Referral to Magistrate for Mediation and Scheduling of Settlement Conference. A copy of said Motion is attached hereto as Exhibit A. The Motion requested that this matter be referred to Magistrate Judge Thomas P. Smith for non-binding mediation

and that a settlement conference be scheduled prior to the commencement of the mediation proceeding.

Subsequent to the filing of said Motion, notification was received that the matter had been referred to Magistrate Judge Martinez. The Motion for Referral to Magistrate Judge Smith had been based upon the joint agreement of all counsel involved in this case and the related case that the matter would be specifically referred to Magistrate Judge Smith. Under such circumstances, the Court was contacted by the undersigned and some of the other counsel involved in these two cases and the request was made that the magistrate referral specifically be made to Magistrate Judge Smith. After a number of telephone conferences with Court personnel, it was confirmed that the matter would be referred to Magistrate Judge Smith and that the referral to Magistrate Judge Martinez would be vacated.

On April 3, 2004, counsel for Frank Perrotti, Jr. received an email notification that Perrotti's Motion for Extension of Time to April 21, 2004 to complete discovery, to July 20, 2004 to submit the Joint Trial Memorandum and to July 20, 2004 for a Settlement Conference had been docketed. The scheduling/docket clerk at Attorney Senning's office, who was not familiar with the new email notification system, inadvertently docketed the date of July 20, 2004 for a Settlement Conference and the filing of the Joint Trial Memorandum assuming that that date was a firm date for those items.

A review of the file and the double diary system maintained at Attorney Senning's firm failed to disclose receipt of any notice from the Court regarding the scheduling of a Settlement Conference for June 3, 2002. In addition, in connection with the scheduling of settlement conferences in other cases before this Court, it has been the past experience to

receive a specific notice from the Judge assigned to the Settlement Conference regarding specific requirements with respect to pre-settlement conference submissions as well as the requirements regarding the mandatory attendances of certain parties and settlement authority.

The first time a copy of this Court's Order of April 12, 2004 was ever seen by Attorney Senning was on June 10, 2004 when a copy of the Motion for Sanctions dated June 7, 2004 filed by The Connecticut Indemnity Company was received and the Order was attached as Exhibit "1" to the Declaration of James W. Carbin.

Had Attorney Senning's office ever received a copy of said Order, at least four (4) separate dates would have been entered into his law firm's diary systems: 1) the deadline date for submitting ex parte statements to the Chambers of Judge Smith; 2) a tickler date in advance of that date warning of the approaching deadline for such submission; 3) the date and time of the Settlement Conference as scheduled; and 4) a tickler date in advance of that date as a reminder of the forthcoming Settlement Conference. In addition, notification of the scheduling of the Settlement Conference would have been given to the client Frank Perrotti, Jr. and meetings would have been held prior thereto to explore possible settlement options and strategies.

By virtue of not receiving a copy of the Court's Order of April 12, 2004, none of the diary entries such as those indicated above were made and no notice of the Settlement Conference was given to Frank Perrotti, Jr.

As a consequence of not receiving any communications regarding the scheduling of a Settlement Conference for June 3, 2004, or any requirements for pre-conference

submissions or attendance by clients, neither Frank Perrotti, Jr. nor his attorney John L. Senning were aware of the Settlement Conference until Attorney Senning was contacted by Attorney James Carbin, attorney for The Connecticut Indemnity Company, by telephone at approximately 11:30 AM on June 3, 2004. At that time, Attorney Senning advised Attorney Carbin that he (Attorney Senning) was completely unaware of the conference, but could be at Court in Hartford within forty-five minutes or slightly more (the time it takes to drive, park and arrive at Court). Attorney Carbin advised that the Court was not able to wait that period and that arrangements would have to be made to reschedule the Settlement Conference to another date.

The failure of Attorney Senning and Frank Perrotti, Jr. was not the result of neglect or any disregard of any notice from the Court, but rather as the result of not receiving any notice or any other communication whatsoever regarding a Settlement Conference on June 3, 2004. The only diary or scheduling document entry of record at Attorney Senning's office regarding this matter pertained to the July 20, 2004 dates referenced in the Court's email docket notification.

Neither Frank Perrotti, Jr. or Attorney John L. Senning dispute the clear authority of this Court to impose any of the sanctions listed in the Federal Rules of Civil Procedure, Rule 37(b). However, the imposition of such sanctions by the Court, it is submitted, is typically applied in instances where a party or his attorney has acted in "bad faith." Additionally, the Court's authority to award attorney's fees incurred by reason of the failure of a party to obey an Order of the Court is also typically withheld from exercise where the failure was

"substantially justified or that other circumstances make an award of expenses unjust." Federal Rules of Civil Procedures 37(b).

In this matter, neither Frank Perrotti, Jr. nor his attorney John L. Senning ignored the Court's April 12, 2004 Order. The fact of the matter is that for reasons unknown, no copy of the April 12, 2004 Order was ever received by Attorney Senning nor was Attorney Senning made aware of the scheduling of the Settlement Conference from any other sources. Their conduct under such inadvertent, unintentional circumstances should not be construed as acting in "bad faith" or in a "contemptuous" manner. The Settlement Conference was a matter that they had specifically sought and moved this Court to schedule. They had absolutely no reason to "ignore" it had they had any notice of it.

Under such circumstances, it is respectfully submitted that the failure to attend the Settlement Conference was "substantially justified" or that the reason for not attending same is such that the making of an award of attorneys' fees and expenses in the amount sought would be unjust.

                                                THE DEFENDANT
                                                FRANK PERROTTI, JR.

By: _____
    John L. Senning, Esq. (CT05807)
    Senning & Rieder
    The Essex Law Group
    16 Saybrook Road
    Essex, CT 06426
    (860) 767-2618
    email: jlssealaw@aol.com
    His Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | March 29, 2004 |
| Defendant. | |

## MOTION FOR REFERRAL TO MAGISTRATE FOR MEDIATION AND SCHEDULING OF SETTLEMENT CONFERENCE

Frank Perrotti Jr., the Defendant in the above entitled action, by his attorney, hereby moves that this matter be referred to United States Magistrate Judge Thomas P. Smith for non-binding mediation between the parties in this matter regarding the remaining issues which have not been resolved by reason of this Court's decision and Order regarding the Plaintiffs' Motion for Summary Judgment, and this Court's decision and order regarding the Plaintiffs' Motion for Reconsideration, that the mediation be conducted in May, 2004 or at the earliest convenience of the Magistrate's schedule and that a Settlement Conference be scheduled prior thereto at the Court's earliest convenience as soon as possible after April 21, 2004.

The reason for this Motion is that the parties have agreed to participate in a non-binding mediation of the narrowed issues in this case and that a Settlement Conference would be timely upon the completion of discovery in this matter.

EXHIBIT " A "

                      THE DEFENDANT
                      FRANK PERROTTI, JR.

By: _____
       John L. Senning, Esquire of
       Senning & Rieder
       Fed Bar # ct05807
       16 Saybrook Road
       Essex, CT 06426
       Email: jlssealaw@aol.com
       His Attorneys

**CERTIFICATION**

I hereby certify that on March 30, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, and by telefax and/or electronically by email to the following:

    James W. Carbin, Esq.
    Duane Morris
    744 Broad St., Suite 1200
    Newark, NJ  07102-3889

and to all counsel in the companion case, <u>Clean Waste Inc. v. The Connecticut Indemnity Company</u>, Case No. 3:02 CV2105 (RNC);

    Mary E.R. Bartholic, Esq.
    Thomas W. Witherington, Esq.
    Cohn, Birnbaum & Shea, P.C.
    100 Pearl St.
    Hartford, CT  06103-4500

    Frank J. Liberty, Esq.
    Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
    Two Union Plz #200
    P.O. Box 1591
    New London, CT  06320-1591

    Christopher P. Weldon, Esq.
    Darren P. Renner, Esq.
    Lustig & Brown, LLP
    1150 Summer Street
    Stamford, CT  06905-5555

    John L. Senning

## CERTIFICATION

I hereby certify that on June 28, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, and by telefax and/or electronically by email to the following:

James W. Carbin, Esq.
Duane Morris
744 Broad St., Suite 1200
Newark, NJ 07102-3889

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl St.
Hartford, CT 06103-4500

Frank J. Liberty, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
Two Union Plz #200
P.O. Box 1591
New London, CT 06320-1591

Christopher P. Weldon, Esq.
Darren P. Renner, Esq.
Lustig & Brown, LLP
1150 Summer Street
Stamford, CT 06905-5555

John L. Senning