UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 3:01CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | June 30, 2004 |
| Defendant. | |

**MEMORANDUM IN OPPOSITION
TO FIRST NATIONS FINANCIAL SERVICES, INC.'S
MOTION FOR SANCTIONS**

This is a Memorandum on behalf of Frank Perrotti, Jr., Clean Waste, Inc. and John L. Senning, Esq., their attorney, in opposition to the Motion for Sanctions and Attorney's Fee dated June 14, 2004 filed by First Nations Financial Services, Inc. for the failure of Frank Perrotti, Jr., Clean Waste, Inc. and Attorney Senning to attend a Settlement Conference in connection with the above captioned matter and the related matter, Clean Waste, Inc. v. The Connecticut Indemnity Co., et al, Case No. 3:02CV2105 (RNC) on June 3, 2004 before the Honorable Magistrate Thomas P. Smith.

On or about March 29, 2004, Frank Perrotti, Jr. by his attorney, John L. Senning, Esq., filed a Motion for Referral to Magistrate for Mediation and Scheduling of Settlement Conference. A copy of said Motion is attached hereto as Exhibit A. The Motion requested that this matter be referred to Magistrate Judge Thomas P. Smith for non-binding mediation

and that a settlement conference be scheduled prior to the commencement of the mediation proceeding.

Subsequent to the filing of said Motion, notification was received that the matter had been referred to Magistrate Judge Martinez. The Motion for Referral to Magistrate Judge Smith had been based upon the joint agreement of all counsel involved in this case and the related case that the matter would be specifically referred to Magistrate Judge Smith. Under such circumstances, the Court was contacted by the undersigned and some of the other counsel involved in these two cases and the request was made that the magistrate referral specifically be made to Magistrate Judge Smith. After a number of telephone conferences with Court personnel, it was confirmed that the matter would be referred to Magistrate Judge Smith and that the referral to Magistrate Judge Martinez would be vacated.

On April 3, 2004, counsel for Frank Perrotti, Jr. received an email notification that Perrotti's Motion for Extension of Time to April 21, 2004 to complete discovery, to July 20, 2004 to submit the Joint Trial Memorandum and to July 20, 2004 for a Settlement Conference had been docketed. The scheduling/docket clerk at Attorney Senning's office, who was not familiar with the new email notification system, inadvertently docketed the date of July 20, 2004 for a Settlement Conference and the filing of the Joint Trial Memorandum assuming that that date was a firm date for those items.

A review of the file and the double diary system maintained at Attorney Senning's firm failed to disclose receipt of any notice from the Court regarding the scheduling of a Settlement Conference for June 3, 2002. In addition, in connection with the scheduling of settlement conferences in other cases before this Court, it has been the past experience to

receive a specific notice from the Judge assigned to the Settlement Conference regarding specific requirements with respect to pre-settlement conference submissions as well as the requirements regarding the mandatory attendances of certain parties and settlement authority.

The first time a copy of this Court's Order of April 12, 2004 was ever seen by Attorney Senning was on June 10, 2004 when a copy of the Motion for Sanctions dated June 7, 2004 filed by The Connecticut Indemnity Company was received and the Order was attached as Exhibit "1" to the Declaration of James W. Carbin.

Had Attorney Senning's office ever received a copy of said Order, at least four (4) separate dates would have been entered into his law firm's diary systems: 1) the deadline date for submitting ex parte statements to the Chambers of Judge Smith; 2) a tickler date in advance of that date warning of the approaching deadline for such submission; 3) the date and time of the Settlement Conference as scheduled; and 4) a tickler date in advance of that date as a reminder of the forthcoming Settlement Conference. In addition, notification of the scheduling of the Settlement Conference would have been given to the client Frank Perrotti, Jr. and meetings would have been held prior thereto to explore possible settlement options and strategies.

By virtue of not receiving a copy of the Court's Order of April 12, 2004, none of the diary entries such as those indicated above were made and no notice of the Settlement Conference was given to Frank Perrotti, Jr.

As a consequence of not receiving any communications regarding the scheduling of a Settlement Conference for June 3, 2004, or any requirements for pre-conference

submissions or attendance by clients, neither Frank Perrotti, Jr. nor his attorney John L. Senning were aware of the Settlement Conference until Attorney Senning was contacted by Attorney James Carbin, attorney for The Connecticut Indemnity Company, by telephone at approximately 11:30 AM on June 3, 2004. At that time, Attorney Senning advised Attorney Carbin that he (Attorney Senning) was completely unaware of the conference, but could be at Court in Hartford within forty-five minutes or slightly more (the time it takes to drive, park and arrive at Court). Attorney Carbin advised that the Court was not able to wait that period and that arrangements would have to be made to reschedule the Settlement Conference to another date.

The failure of Attorney Senning and Frank Perrotti, Jr. was not the result of neglect or any disregard of any notice from the Court, but rather as the result of not receiving any notice or any other communication whatsoever regarding a Settlement Conference on June 3, 2004. The only diary or scheduling document entry of record at Attorney Senning's office regarding this matter pertained to the July 20, 2004 dates referenced in the Court's email docket notification.

Neither Frank Perrotti, Jr. or Attorney John L. Senning dispute the clear authority of this Court to impose any of the sanctions listed in the Federal Rules of Civil Procedure, Rule 37(b). However, the imposition of such sanctions by the Court, it is submitted, is typically applied in instances where a party or his attorney has acted in "bad faith." Additionally, the Court's authority to award attorney's fees incurred by reason of the failure of a party to obey an Order of the Court is also typically withheld from exercise where the failure was

"substantially justified or that other circumstances make an award of expenses unjust." Federal Rules of Civil Procedures 37(b).

In this matter, neither Frank Perrotti, Jr. nor his attorney John L. Senning ignored the Court's April 12, 2004 Order. The fact of the matter is that for reasons unknown, no copy of the April 12, 2004 Order was ever received by Attorney Senning nor was Attorney Senning made aware of the scheduling of the Settlement Conference from any other sources. Their conduct under such inadvertent, unintentional circumstances should not be construed as acting in "bad faith" or in a "contemptuous" manner. The Settlement Conference was a matter that they had specifically sought and moved this Court to schedule. They had absolutely no reason to "ignore" it had they had any notice of it.

Under such circumstances, it is respectfully submitted that the failure to attend the Settlement Conference was "substantially justified" or that the reason for not attending same is such that the making of an award of attorneys' fees and expenses in the amount sought would be unjust.

                                        THE DEFENDANT
                                        FRANK PERROTTI, JR.

                                        By: _____
                                        John L. Senning, Esq. (CT05807)
                                        Senning & Rieder
                                        The Essex Law Group
                                        16 Saybrook Road
                                        Essex, CT 06426
                                        (860) 767-2618
                                        email: jlssealaw@aol.com
                                        His Attorney

**CERTIFICATION**

I hereby certify that on June 30, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, to the following:

James W. Carbin, Esq.
Duane Morris
744 Broad St., Suite 1200
Newark, NJ 07102-3889

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl St.
Hartford, CT 06103-4500

Frank J. Liberty, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
Two Union Plz #200
P.O. Box 1591
New London, CT 06320-1591

Christopher P. Weldon, Esq.
Darren P. Renner, Esq.
Lustig & Brown, LLP
1150 Summer Street
Stamford, CT 06905-5555

_____
John L. Senning