UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED 2004 JUL -2 A 11: 22 U.S. DISTRICT COURT HARTFORD, CT.

---

THE CONNECTICUT INDEMNITY
COMPANY,

         Plaintiff,

v.

FRANK PERROTTI, JR.,

         Defendant.

---

Case No. 301CV1410 (RNC)

June 30, 2004

**AFFIDAVIT OF JOHN L. SENNING
IN OPPOSITION TO MOTION FOR SANCTIONS & ATTORNEYS FEES
FILED BY FIRST NATIONS FINANCIAL SERVICES, INC. DATED JUNE 14, 2004**

The undersigned, John L. Senning, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and understand the obligations of an oath.

2. I am the attorney for Frank Perrotti, Jr. in the above captioned matter and for Clean Waste, Inc. in the related matter Clean Waste, Inc. v. The Connecticut Indemnity Co., et al, Case No. 3:02CV2105 (RNC).

3. I have been admitted to practice before this Court since 1976.

4. I have never been late for or missed a Court scheduled hearing before this Court or any other Court.

5. My office maintains a duplicate diary/scheduling system to diary all Court matters.

Page 1 of 4

6. Although this office had been in receipt of numerous notices from this Court regarding this case and the related matter since their inception, I have no record of ever receiving any notification regarding the scheduling of a June 3, 2004 Settlement Conference in this matter and the related matter.

7. My clients have been and are most anxious to explore every possible avenue available which might lead to a resolution to this matter.

8. I was completely unaware of the June 3, 2004 date for the scheduling of a Settlement Conference before Magistrate Judge Smith. In addition, my office did not receive any form of notice from the Court, as has been the usual case in the past regarding other settlement conferences in other cases, regarding requirements for pre-conference submissions and the mandatory attendance of clients or personnel of clients with settlement authority.

9. The first time I was aware of the June 3, 2004 Settlement Conference was upon receipt of a telephone call from Attorney James Carbin, Attorney for the Connecticut Indemnity Company at approximately 11:30 AM on June 3, 2004 inquiring as to why I was not in attendance.

10. I advised that I had had a calendar marked for July 20, 2004 for a Settlement Conference, but had no notice whatsoever regarding any June 3, 2004 conference.

11. I advised Attorney Carbin that I could be in Court within forty-five minutes or slightly more since it takes forty-five minutes to drive from my office to Court.

12. I was advised that the Court was not willing to wait until then and that the Settlement Conference would have to be rescheduled.

13. The holding of a Settlement Conference in these matters was a much awaited step in the process of resolving same and I would not have inadvertently or for any other reason disregard the scheduling of same had I had any notice.

14. The first time a copy of this Court's Order of April 12, 2004 was ever seen by me was on June 10, 2004 when a copy of the Motion for Sanctions dated June 7, 2004 filed by The Connecticut Indemnity Company and Marine MGA, Inc. was received and the Order was attached as Exhibit "1" to the Declaration of James W. Carbin.

15. Had I ever received a copy of said Order before June 3, 2004, at least four (4) separate dates would have been entered into my law firm's diary systems: 1) the deadline date for submitting ex parte statements to the Chambers of Judge Smith; 2) a tickler date in advance of that date warning of the approaching deadline for such submission; 3) the date and time of the Settlement Conference as scheduled; and 4) a tickler date in advance of that date as a reminder of the forthcoming Settlement Conference.

16. In addition, notification of the scheduling of the Settlement Conference would have been given to the client Frank Perrotti and meetings would have been held prior thereto to explore possible settlement options and strategies.

17. By virtue of not receiving a copy of the Court's Order of April 12, 2004, none of the diary entries such as those indicated above were made and no notice of the Settlement Conference was given to Frank Perrotti, Jr.

18. I deeply regret the inconvenience to this Court and to all counsel and their respective clients. However, without receiving any notice of the Settlement Conference, I was completely unaware of same until receiving Attorney Carbin's telephone call mid-morning on June 3, 2004.

_____
John L. Senning, Esq.

Subscribed and sworn to before me
this 30th day of June, 2004

_____
Notary Public
My Commission Expires: 09-30-08

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THE CONNECTICUT INDEMNITY
COMPANY,

Case No. 301CV1410 (RNC)

Plaintiff,

v.

FRANK PERROTTI, JR.,

June 30, 2004

Defendant.

**AFFIDAVIT OF JOHN L. SENNING
IN OPPOSITION TO MOTION FOR SANCTIONS & ATTORNEYS FEES
FILED BY FIRST NATIONS FINANCIAL SERVICES, INC. DATED JUNE 14, 2004**

The undersigned, John L. Senning, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and understand the obligations of an oath.

2. I am the attorney for Frank Perrotti, Jr. in the above captioned matter and for Clean Waste, Inc. in the related matter Clean Waste, Inc. v. The Connecticut Indemnity Co., et al, Case No. 3:02CV2105 (RNC).

3. I have been admitted to practice before this Court since 1976.

4. I have never been late for or missed a Court scheduled hearing before this Court or any other Court.

5. My office maintains a duplicate diary/scheduling system to diary all Court matters.

Page 1 of 4

6. Although this office had been in receipt of numerous notices from this Court regarding this case and the related matter since their inception, I have no record of ever receiving any notification regarding the scheduling of a June 3, 2004 Settlement Conference in this matter and the related matter.

7. My clients have been and are most anxious to explore every possible avenue available which might lead to a resolution to this matter.

8. I was completely unaware of the June 3, 2004 date for the scheduling of a Settlement Conference before Magistrate Judge Smith. In addition, my office did not receive any form of notice from the Court, as has been the usual case in the past regarding other settlement conferences in other cases, regarding requirements for pre-conference submissions and the mandatory attendance of clients or personnel of clients with settlement authority.

9. The first time I was aware of the June 3, 2004 Settlement Conference was upon receipt of a telephone call from Attorney James Carbin, Attorney for the Connecticut Indemnity Company at approximately 11:30 AM on June 3, 2004 inquiring as to why I was not in attendance.

10. I advised that I had had a calendar marked for July 20, 2004 for a Settlement Conference, but had no notice whatsoever regarding any June 3, 2004 conference.

11. I advised Attorney Carbin that I could be in Court within forty-five minutes or slightly more since it takes forty-five minutes to drive from my office to Court.

12. I was advised that the Court was not willing to wait until then and that the Settlement Conference would have to be rescheduled.

13. The holding of a Settlement Conference in these matters was a much awaited step in the process of resolving same and I would not have inadvertently or for any other reason disregard the scheduling of same had I had any notice.

14. The first time a copy of this Court's Order of April 12, 2004 was ever seen by me was on June 10, 2004 when a copy of the Motion for Sanctions dated June 7, 2004 filed by The Connecticut Indemnity Company and Marine MGA, Inc. was received and the Order was attached as Exhibit "1" to the Declaration of James W. Carbin.

15. Had I ever received a copy of said Order before June 3, 2004, at least four (4) separate dates would have been entered into my law firm's diary systems: 1) the deadline date for submitting ex parte statements to the Chambers of Judge Smith; 2) a tickler date in advance of that date warning of the approaching deadline for such submission; 3) the date and time of the Settlement Conference as scheduled; and 4) a tickler date in advance of that date as a reminder of the forthcoming Settlement Conference.

16. In addition, notification of the scheduling of the Settlement Conference would have been given to the client Frank Perrotti and meetings would have been held prior thereto to explore possible settlement options and strategies.

17. By virtue of not receiving a copy of the Court's Order of April 12, 2004, none of the diary entries such as those indicated above were made and no notice of the Settlement Conference was given to Frank Perrotti, Jr.

18. I deeply regret the inconvenience to this Court and to all counsel and their respective clients. However, without receiving any notice of the Settlement Conference, I was completely unaware of same until receiving Attorney Carbin's telephone call mid-morning on June 3, 2004.



John L. Senning, Esq.

Subscribed and sworn to before me
this 30th day of June, 2004

Notary Public
My Commission Expires: 09-30-08

## CERTIFICATION

I hereby certify that on June 30, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, to the following:

James W. Carbin, Esq.
Duane Morris
744 Broad St., Suite 1200
Newark, NJ 07102-3889

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl St.
Hartford, CT 06103-4500

Frank J. Liberty, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
Two Union Plz #200
P.O. Box 1591
New London, CT 06320-1591

Christopher P. Weldon, Esq.
Darren P. Renner, Esq.
Lustig & Brown, LLP
1150 Summer Street
Stamford, CT 06905-5555

_____
John L. Senning