UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 3:01CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | July 20, 2004 |
| Defendant. | |

## MOTION FOR CONTINUANCE OF TRIAL DATE, EXTENSION OF TIME TO FILE PRETRIAL MEMORANDUM AND SCHEDULING OF MEDIATION

The Defendant Frank Perrotti, Jr. ("Perrotti") by his attorneys Senning & Rieder, hereby moves pursuant to Federal Rules of Civil Procedure 16(b) and Local Rule 7(b) for a continuance of the trial date scheduled for this case on August 9, 2004, an extension of time in which to file a Joint Pretrial Memorandum and the scheduling of a joint mediation proceeding involving the parties in this case and the parties in the related case *Clean Waste, Inc. v. The Connecticut Indemnity Company*, Case No. 3:02 CV 2105 (RNC).

In support of this Motion, it is submitted that good cause for the continuance of the trial date, an extension of time to file a Joint Pretrial Memorandum and the scheduling of a mediation proceeding exists and that counsel for Perrotti has made a good faith attempt to request to consent of opposing counsel as set forth in the Declaration of John L. Senning attached hereto.

**WHEREFORE**, the Defendant Frank Perrotti, Jr. respectfully requests the Court to schedule a medication proceeding at the Court's earliest convenience and the convenience of the Honorable Magistrate Judge Thomas P. Smith, extend the time for the filing of a Joint Pretrial Memorandum until after the conclusion of such mediation proceeding and to continue or adjourn the trial date in this matter until a date certain following the conclusion of the mediation and the rendering of a decision or opinion regarding same by the mediator.

THE DEFENDANT
FRANK PERROTTI, JR.

By: _____
John L. Senning, Esq. (CT05807)
Senning & Rieder
The Essex Law Group
16 Saybrook Road
Essex, CT 06426
(860) 767-2618
email: jlssealaw@aol.com
His Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 3:01CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | July 20, 2004 |
| Defendant. | |

### DECLARATION OF JOHN L. SENNING
### IN SUPPORT OF MOTION FOR ADJOURNMENT

I, John L. Senning, declare under oath as follows;

1. I am a member of Senning & Rieder, counsel for Frank Perrotti, Jr. ("Perrotti"), the Defendant herein, and am admitted to practice before this Court.

2. This Declaration is made in support of the Motion for Continuance of Trial Date, Extension of Time to File Joint Pretrial Memorandum and the Scheduling of a Mediation Proceeding before the Honorable Magistrate Judge Thomas P. Smith.

3. I have conferred with counsel for the Plaintiff in this action who had requested an adjournment of the trial date in this matter from August 9, 2004 to a future date due to the unavailability of a primary witness.

4. In agreeing to that request for that reason, it was also indicated that it would best serve the interest of the Court and its resources if the mediation before the Honorable Magistrate Judge Smith to which the parties in this action had agreed to participate in earnest together with the parties in the related action Clean Waste Inc v. The Connecticut

Indemnity Company, Inc., et al, Case No. 3:02 CV 2105 (RNC), could be scheduled at the earliest convenience of the Court and Judge Smith.

5. Counsel for the broker Bruen, Deldin DiDio Associates, Inc. has also expressed continued desire to participate in a joint mediation as planned. I have also conferred with counsel for the Dunlap Corporation who expressed no objection to the scheduling of a mediation proceeding. I further conferred with counsel of record for First Nations Financial Services who had just left the firm of Suisman Shapiro et al and was unable to express a position since it had yet to be determined who would continue to represent First Nations.

6. This case and the related case were referred to Magistrate Judge Smith for purposes of scheduling a Settlement Conference and the subsequent conducting of a mediation proceeding between all parties.

7. Subsequent to the referral to Judge Smith, a Settlement Conference was scheduled for June 3, 2004.

8. For reasons unknown, my office did not receive notice of the June 3, 2004 Settlement Conference and therefore was not in attendance. See Exhibit "A" attached, an Affidavit in Opposition to Motion for Sanctions which sets forth in greater detail the circumstances surrounding that matter.

9. It is assumed that the scheduling of a mediation proceeding involving all parties in both actions is one of the matters which would have been taken up at the Settlement Conference which did not go forward on June 3, 2004.

10. All of the parties and their respective counsel in both cases previously agreed to participate in a joint mediation proceeding before Magistrate Judge Smith.

11. Both cases involve essentially the same issues and facts and many of the same issues and witnesses. A resolution of the two cases as a result of a joint mediation proceeding would eliminate the need of having two separate bench trials before the same judge. Even if the mediation proceeding did not result in the resolution of all claims, it would likely narrow the remaining issues between all parties substantially and avoid a duplication and redundancy of using court resources.

12. While the failure to receive notice of the June 3, 2004 Settlement Conference and my resulting absence in attending same may have eliminated an opportunity to discuss and negotiate a possible settlement at that time, this opportunity to resolve all issues or many of them by means of the joint mediations proceeding between all parties would not be lost.

13. It is therefore requested that the court schedule a joint mediation proceeding before Magistrate Judge Smith at the earliest convenience of the Court and Judge Smith and that the time for filing a Joint Pretrial Memorandum in this case and the trial of same be extended and/or continued with a date certain after the conclusion of this mediation proceeding and the issuance of a decision or opinion with respect to same by Magistrate Smith.

14. This is the first request for a continuance or adjournment of a trial date herein and the first request for the scheduling of a mediation proceeding in this matter and the related case since the referral to Magistrate Judge Smith.

Signed and dated at Essex, Connecticut, this 20th day of July, 2004.

_____
John L. Senning

Subscribed and sworn to before me
this 23rd day of June, 2004

_____
Notary Public
My Commission Expires: 9-30-08

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | June 30, 2004 |
| Defendant. | |

### AFFIDAVIT OF JOHN L. SENNING
### IN OPPOSITION TO MOTION FOR SANCTIONS & ATTORNEYS FEES
### FILED BY FIRST NATIONS FINANCIAL SERVICES, INC. DATED JUNE 14, 2004

The undersigned, John L. Senning, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and understand the obligations of an oath.

2. I am the attorney for Frank Perrotti, Jr. in the above captioned matter and for Clean Waste, Inc. in the related matter <u>Clean Waste, Inc. v. The Connecticut Indemnity Co., et al</u>, Case No. 3:02CV2105 (RNC).

3. I have been admitted to practice before this Court since 1976.

4. I have never been late for or missed a Court scheduled hearing before this Court or any other Court.

5. My office maintains a duplicate diary/scheduling system to diary all Court matters.

Page 1 of 4



EXHIBIT "A"

6. Although this office had been in receipt of numerous notices from this Court regarding this case and the related matter since their inception, I have no record of ever receiving any notification regarding the scheduling of a June 3, 2004 Settlement Conference in this matter and the related matter.

7. My clients have been and are most anxious to explore every possible avenue available which might lead to a resolution to this matter.

8. I was completely unaware of the June 3, 2004 date for the scheduling of a Settlement Conference before Magistrate Judge Smith. In addition, my office did not receive any form of notice from the Court, as has been the usual case in the past regarding other settlement conferences in other cases, regarding requirements for pre-conference submissions and the mandatory attendance of clients or personnel of clients with settlement authority.

9. The first time I was aware of the June 3, 2004 Settlement Conference was upon receipt of a telephone call from Attorney James Carbin, Attorney for the Connecticut Indemnity Company at approximately 11:30 AM on June 3, 2004 inquiring as to why I was not in attendance.

10. I advised that I had had a calendar marked for July 20, 2004 for a Settlement Conference, but had no notice whatsoever regarding any June 3, 2004 conference.

11. I advised Attorney Carbin that I could be in Court within forty-five minutes or slightly more since it takes forty-five minutes to drive from my office to Court.

12. I was advised that the Court was not willing to wait until then and that the Settlement Conference would have to be rescheduled.

13. The holding of a Settlement Conference in these matters was a much awaited step in the process of resolving same and I would not have inadvertently or for any other reason disregard the scheduling of same had I had any notice.

14. The first time a copy of this Court's Order of April 12, 2004 was ever seen by me was on June 10, 2004 when a copy of the Motion for Sanctions dated June 7, 2004 filed by The Connecticut Indemnity Company and Marine MGA, Inc. was received and the Order was attached as Exhibit "1" to the Declaration of James W. Carbin.

15. Had I ever received a copy of said Order before June 3, 2004, at least four (4) separate dates would have been entered into my law firm's diary systems: 1) the deadline date for submitting ex parte statements to the Chambers of Judge Smith; 2) a tickler date in advance of that date warning of the approaching deadline for such submission; 3) the date and time of the Settlement Conference as scheduled; and 4) a tickler date in advance of that date as a reminder of the forthcoming Settlement Conference.

16. In addition, notification of the scheduling of the Settlement Conference would have been given to the client Frank Perrotti and meetings would have been held prior thereto to explore possible settlement options and strategies.

17. By virtue of not receiving a copy of the Court's Order of April 12, 2004, none of the diary entries such as those indicated above were made and no notice of the Settlement Conference was given to Frank Perrotti, Jr.

18. I deeply regret the inconvenience to this Court and to all counsel and their respective clients. However, without receiving any notice of the Settlement Conference, I was completely unaware of same until receiving Attorney Carbin's telephone call mid-morning on June 3, 2004.

/s/ John L. Senning
John L. Senning, Esq.

Subscribed and sworn to before me
this 30th day of June, 2004

/s/
Notary Public
My Commission Expires: 09-30-08

Page 4 of 4

## **CERTIFICATION**

I hereby certify that on July 20, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, to the following:

James W. Carbin, Esq.
Duane Morris
744 Broad St., Suite 1200
Newark, NJ 07102-3889

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl St.
Hartford, CT 06103-4500

Frank J. Liberty, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
Two Union Plz #200
P.O. Box 1591
New London, CT 06320-1591

Christopher P. Weldon, Esq.
Darren P. Renner, Esq.
Lustig & Brown, LLP
1150 Summer Street
Stamford, CT 06905-5555

John L. Senning