FILED

2004 AUG 10 P 3: 45

U.S. DISTRICT COURT

STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | CASE NO.: 301 CV 1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., Defendant. | AUGUST 6, 2004 |

### SUPPLEMENTAL MEMORANDUM OF LAW SUBMITTED ON BEHALF OF FRANK PERROTTI REGARDING HIS STATUS AS JOHAN FOURIE'S EMPLOYER

Defendant, Frank Perrotti, Jr. ("Perrotti") by his attorneys, Senning & Rieder, hereby submits its supplemental trial memorandum of law.

Plaintiff The Connecticut Indemnity Company ("CIC") seeks to argue that Perrotti was not the employer of Johan Fourie ("Fourie"), and therefore had no obligation to provide a defense to him of the claim asserted by Fourie. CIC intentionally misstates the law when it argues that only a ship owner can be liable as an employer under the Jones Act. The action was initiated by Fourie when he arrested the vessel and asserted the following claims against Perrotti. (*See* Fourie Complaint Ex. A). Fourie alleged that Perrotti was the owner of the M/V N.E.W.S. (the "Yacht") and the employer of Fourie. He asserted a claim for: (1) Jones Act for negligence; (2) unseaworthiness; (3) maintenance and cure; and (4) failure to treat. Fourie also alleged these same causes of action on the vessel, *in rem*, and Clean Waste, Inc.

The Jones Act 46 U.S.C. § 688 extends the provisions of the Federal Employee Liability Act, 45 U.S.A. § 51 to negligence claims by seaman by their employers. Significantly, Fourie did not sue Sterling Yacht Corp. ("Sterling Yacht") because Fourie knew that Sterling Yacht was only an agent for Perrotti, his employer.

Perrotti hired Sterling Yacht as its agent to handle affairs of the Yacht for him. Perrotti made all decisions on who was hired to work on the yacht and who was fired. Perrotti owned all of the stock of Clean Waste, Inc., and was its sole director and president. He obviously had the authorization from Clean Waste, Inc. to operate and use the Yacht.

Perrotti was the only person who used the vessel, and Fourie was subject to the control and supervision of Perrotti when he was on board the vessel. This control element is necessary to establish an employer-employee relationship under the Jones Act. In addition, Perrotti provided all the funds to pay for the wages of Fourie. He was also the one that dismissed Fourie from his employ in August of 2000, and at that time, paid for his medical treatment and gave him maintenance cure. Perrotti paid the Fourie settlement with his own money. Sterling Yacht only acted as Perrotti's agent with respect to hiring crew members. Perrotti controlled the Yacht on or about August 4, 2000, when Fourie was injured in the engine room. *See Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 69 S. Ct. 1317, 93 L. Ed. 1692, 1949 LEXIS 2922.

The legal standard to be applied under the Jones Act to determine whether an employer-employee relationship has been established is as follows:

> A Jones Act claim also requires proof of an employment relationship either with the owner of the vessel or with some other employer who assigns the worker to a task creating a vessel connection, for "by the express terms of the Jones Act an employer-employee relationship is essential to recovery." *Spinks v. Chevron*

*Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975). The employer need not be the owner or the operator of the vessel. *Barrios v. Louisiana Construction Materials Co.*, 465 F.2d 1157 (5th Cir. 1972). Independent contractors may be liable under the act, *Mahramas v. American Expert Isbrandtsen Lines, Inc.*, 475 F.2d 165, 171 (2nd Cir. 1973); *Barrios v. Louisiana Construction Materials Co.*, 465 F.2d 1157 (5th Cir. 1972). And a third person who borrows a worker may become his employer if the borrowing employer assumes enough control over the worker. *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969). However, even if a seaman is deemed to be a borrowed [**5] servant of one employer, this does not automatically mean that he ceases to be his immediate employer's servant for Jones Act purposes. *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975). And it may also be possible for a seaman to have more than one Jones Act employer, *Id.* at 225-26. *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980).

In determining a seaman's employer for purposes of the Jones Act, the Court must look to the plain and rational meaning of employment and employer, which means that right of control is one of the most important factors to consider. *Mahramas v. American Export Branson Lines, Inc.*, 475 F.2d 165 (2d Cir. 1973). It is <u>not necessary</u> to be the registered owner of the vessel to be an employer. An employer can own, charter, operate, or control the operation of the vessel on which the employee works. *Case v. St. Paul Fire & Marine Ins. Co.*, 324 F. Supp. 352 (E.D.LA. 1971); *appeal dismissed*, 456 F.2d 252 (5th Cir.); *see also Taylor v. Packer Diving and Salvage Co.*, 342 F. Supp. (E.D. LA 1971) *aff'd*, 457 F.2d 512 (5th Cir. ).

It is firmly established that an agent for the vessel owner, even though signing the shipping articles of the employee, does not become the employer of the seaman under the Jones Act or the general maritime law. *McAllister v. Cosmopolitan Shipping Co., Inc.*, 337 U.S. 783, 69 S. Ct. 1317, 93 L. Ed. 1692 (1949); *Fink v. Shepard*, 337 U.S. 810, 69 S. Ct. 1330, 93 L.

In that case it was established that the agent had no ownership interest in the vessel and was simply negotiating employment contracts with seamen as a disclosed agent on behalf of the actual employer.

## CONCLUSION

Plaintiff's assertion that Perrotti was not the employer of Fourie is inaccurate and incorrect of a matter of fact and law. In addition, CIC has waived its right to argue that Perrotti was not the employer. CIC did not take this position in its declination letter. If they wanted to assert this argument, they at the very least owed the insured, Perrotti, the duty to defend him in the Fourie action under a reservation of rights, and move to dismiss Fourie's Jones Act claim against Perrotti. Their failure to do so and their assertion of a specious and frivolous argument now is further evidence of their bad faith. Fourie acknowledges that Perrotti was his employer. Perrotti hired him through his agent Sterling Yacht. Perrotti was on board and in control of the Yacht on the date Fourie was injured. Perrotti paid Fourie wages, maintenance, cure, medical bills, and the $600,000.00 judgment. This Court should rule that Perrotti was Fourie's employer.

By:

DEFENDANT,
FRANK PERROTTI, JR.

John L. Senning
Senning & Rieder
The Essex Law Group
16 Saybrook Road
Essex, Connecticut 06426
Tele: (860) 767-2618
Fax: (860) 767-2618
jlssealaw@aol.com