A

Date: 11/16/2001 Time: 8:51:56 AM

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JOHAN FOURIE
      Plaintiff,

vs.

CLEAN WASTE, INC. and
FRANK PEROTTI, JR. in
personam, and
THE M/Y News  her
engines, tackle etc.,
in rem,
      Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, JOHAN FOURIE, by and through his undersigned counsel, and sues the Defendant, the M/V NEWS, her engines, tackle, appurtenances in rem, CLEAN WASTE, INC. and FRANK PEROTTI, JR. in personam and in support thereof, states as follows:

## GENERAL ALLEGATIONS

1.    This is an admiralty and maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    That at all times material hereto the Plaintiff, JOHAN FOURIE, was a seaman on board the *M/Y News*.

3.    The Vessel, *M/Y News*, is or will be during the pendency of the process within this district and within the jurisdiction of this Court.

4. Defendant, FRANK PEROTTI, was the owner of the *M/Y News*.

5. Defendant CLEAN WASTE, INC. was the owner of the *M/Y News*.

6. That the Defendant. Frank Perotti, Jr., had sufficient contacts with the State of Florida to subject him to the jurisdiction of the State and Federal Courts. His vessel spends six (6) months a year docked at Riviera Beach, and Fort Lauderdale, Florida, undergoing major repairs and expends more than $400,000.00 per year in Florida. His entire crew is solicited in Florida, including the Plaintiff, through his crewing agent. In addition, he rented two (2) pieces of real property located in Riviera Beach, Florida.

7. That the Defendant, Clean Water, Inc, had sufficient contacts with the State of Florida to subject it to the jurisdiction of the State and Federal Courts. It's vessel spends six (6) months a year docked at Riviera Beach, and Fort Lauderdale, Florida, undergoing major repairs and expends more than $400,000.00 per year in Florida. It's entire crew is solicited in Florida, including the Plaintiff, through its crewing agent. In addition, it rented two (2) pieces of real property located in Riviera Beach, Florida.

8. At all times material, the Defendants, FRANK PEROTTI, JR., and CLEAN WATER, INC., personally or through an agent:

(a) Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

2

(b) Was engaged in substantial activity within this state;

(c) Operated vessels in the waters of this state;

(d) Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181, or 48.193;

(e) The acts of Defendants set out in this Amended Complaint occurred in whole or in part of this county and/or state.

### COUNT I
### AGAINST THE M/Y NEWS
### IN REM
### UNDER GENERAL MARITIME LAW

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1 through 3 as though fully set forth herein.

9. This action arises as an admiralty and maritime claim under General Maritime Law.

10. On or about April 8, 2000, while in the performance of his duties on board the vessel in New Port Rhode Island, the Plaintiff slipped and fell in the engine room, injuring his knees.

11. That at all times material hereto the Defendant owed the Plaintiff the duty to provide a seaworthy vessel and to provide the Plaintiff a safe place to work.

12. On or about April 8, 2000, the Plaintiff injured his knees as a result of the unseaworthiness of the vessel as

3

follows:

    (a)  The vessel, while taking on fuel, developed a leak in the engine room, causing the Plaintiff to slip and fall upon entering said engine room.

    (b)  In that the master, owners or operators of the vessel failed to provide the Plaintiff with a safe and seaworthy vessel, appliances and appurtenances, and to keep same in a safe and seaworthy condition.

    (c)  Failed to maintain said vessel and its equipment and appliances in a safe and seaworthy condition.

    (d)  The said vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents servants or employees at or prior to the time of the commencement of the voyage.

    (e)  Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendant is responsible, failed to take suitable precautions for the Plaintiff under the circumstances and conditions then existing the knowledge of the Defendant. Said Defendant had actual and constructive notice of unsafe, and dangerous and unseaworthy condition, and the aggravation of Plaintiff's injury.

13. As a direct and proximate result of the unseaworthiness of the vessel, the Plaintiff was caused to suffer severe bodily injury and permanent injuries to Plaintiff's knees, was and still is totally incapacitated from work, will in the future be unable to engage in Plaintiff's vocation as a chief engineer or any other occupation requiring the full use of his body and limbs. As a further direct and proximate result of this injury suffered by Plaintiff, the Plaintiff has and will continue to suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as will as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

WHEREFORE the Plaintiff, JOHAN FOURIE, sues and demands judgment in rem against the Defendant, *M/Y News*:

a. For all damages as allowed under the General Maritime Law and for any other damage that this Court may deem fit and proper.

b. That process is due form of law according to the rules and practice of this Court in causes of maritime and admiralty jurisdiction may issue against the *M/Y News*, her engines, tackle, etc., citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above.

c. That this Court order and adjudge that the *M/Y News* be condemned and sold to pay **the demand.**

5

## COUNT II
## AGAINST THE M/Y NEWS
## IN REM
## MAINTENANCE AND CURE

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1 through 3 as though fully set forth herein.

14.   On or about April 8, 2000, while on board the *M/Y News* which was taking on fuel in New Port Rhode Island, the Plaintiff, while in the course and scope of his employment with the Defendant and in the performance of his duties slipped and fell in the engine room, whereupon, the Plaintiff seriously injured his back.

15.   Plaintiff has not been paid wages or maintenance, nor for any cure from that date until the present and has had to pay for his own medical care, his own maintenance and all other sums needed to protect himself from the injury he suffered on board the *M/V News* while on board as a seaman.

16.   The Defendant, *M/V News*, through its agents, servants and/or employees, arbitrarily, capriciously, willfully and in bad faith did not take all reasonable steps to provide proper maintenance and cure.

17.   The Defendant, *M/V News*, through its agents servants and/or employees, acted in a callous and recalcitrant manner depriving the Plaintiff of needed medical treatment, which

6

aggravated his already serious injury and during this period of time, refused arbitrarily to pay the Plaintiff his entitled maintenance and salary.

18.    Defendant's failure to supply Plaintiff with any maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman.  As such Plaintiff would be entitled to punitive damages and attorney's fees under the general Maritime Law of the United States.  It is Plaintiff's intent to file a Motion to Amend the Complaint by interlineation to demand punitive damages when appropriate. In the meantime the allegations in support of a claim for punitive damages are contained in this Complaint.

WHEREFORE the Plaintiff, JOHAN FOURIE, sues and demands judgment in rem against the Defendant, *M/Y News*:

a. For all damages as allowed under the General Maritime Law and for any other damage that this Court may deem fit and proper.

b.    That process is due form of law according to the rules and practice of this Court in causes of maritime and admiralty jurisdiction may issue against the *M/Y News*, her engines, tackle, etc., citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above.

c.    That this Court order and adjudge that the *M/Y News* be condemned and sold to pay the demand.

7

### COUNT III
### AGAINST M/Y NEWS
### FAILURE TO TREAT

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1 through 18 above as though fully set forth herein.

19.    Defendant failed to properly provide Plaintiff with prompt, adequate, and complete medical care. Defendant's failure contributed to contributed to Plaintiff's additional pain, disability, and/or prolonged Plaintiff's recovery.

WHEREFORE the Plaintiff, JOHAN FOURIE, sues and demands judgment in rem against the Defendant, *M/Y News*:

a. For all damages as allowed under the General Maritime Law and for any other damage that this Court may deem fit and proper.

b.    That process is due form of law according to the rules and practice of this Court in causes of maritime and admiralty jurisdiction may issue against the *M/Y News*, her engines, tackle, etc., citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above.

c.    That this Court order and adjudge that the *M/Y News* be condemned and sold to pay the demand.

### COUNT IV
### CAUSE OF ACTION AGAINST
### FRANK PEROTTI, JR. FOR
### JONES ACT NEGLIGENCE

Plaintiff reaffirms and realleges each and every allegation

8

as contained in numbered paragraphs 1, 2, 4, 6 and 8 as though fully set forth herein.

20.  This action arises under the Jones Act, which is Section 33 of the Marine Act of 1920 at 46 USC section 688 and as an admiralty and maritime claim.

21.  On or about April 8, 2000, while in the performance of his duties on board the vessel in New Port Rhode Island, the Plaintiff slipped and fell in the engine room, injuring his knees.

22.  At all times material hereto, the Defendant owed the Plaintiff the highest standard of care under the Jones Act, 46 USC 688.  It is the Defendant's responsibility to provide the Plaintiff with a reasonably safe vessel, with a safe place to work, to adequately maintain said vessel and to remedy unreasonable defects that the Defendant knew of or in the exercise of reasonable care should have known.

23.  On or about April 8, 2000, the Plaintiff injured his knees as a result of the negligence of the vessel as follows:

(a)  The vessel, while taking on fuel, developed a leak in the engine room, causing the Plaintiff to slip and fall upon entering said engine room.

(b)  In that the master, owners or operators of the vessel failed to provide the Plaintiff with a reasonably safe ship and appliances and appurtenances and to keep same in a

9

reasonably safe condition.

(c)  In that the master, owners or operators of the vessel failed to provide a reasonable and safe place for the Plaintiff to work and perform his duties.

(d)  Failed to maintain said vessel and its equipment appliances in a reasonably safe condition.

(e)  That said vessel was permitted and allowed to go upon the waters in an unsafe condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents, servants or employees at or prior to the time of the commencement of the voyage.

(f)  Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendants are responsible, failed to take reasonable precautions for the Plaintiff under the circumstances and conditions then existing to the knowledge of the Defendant.  Said Defendant had actual and constructive notice of unsafe and dangerous conditions, and the aggravation of Plaintiff's condition.

24.  As a direct and proximate result of the negligence of the Defendant, its agents or employees, the Plaintiff was caused to suffer severe bodily injury and permanent injuries to his knees, was and still is totally incapacitated from work, will in the future be unable to engage in his vocation as a chief

10

engineer, or any other occupation requiring the full use of his body and limbs.  As a further direct and proximate result of this injury suffered by the Plaintiff, the Plaintiff has and will suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as will as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

WHEREFORE, Plaintiff, JOHAN FOURIE, sues and demands judgment against the Defendant, FRANK PEROTTI, JR., for all damage as allowed under the Jones Act 46 USC 688, and for any and other damage that this Court may deem fit and proper, and for a trial by jury.

**COUNT V**
**AGAINST FRANK PEROTTI, JR.**
**FOR GENERAL MARITIME LAW**
**UNSEAWORTHINESS**

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1, 2, 4, 6 and 8 as though fully set forth herein.

25.  This action arises as an admiralty and maritime claim under General Maritime Law.

26.  On or about April 8, 2000, while in the performance of his duties on board the vessel in New Port Rhode Island, the Plaintiff slipped and fell in the engine room, injuring his

11

From: Paul J. Ansel To: greg ligelis

knees.

27.   That at all times material hereto the Defendant owed the Plaintiff the duty to provide a seaworthy vessel and to provide the Plaintiff a safe place to work.

28.   On or about April 8, 2000, the Plaintiff injured his knees as a result of the unseaworthiness of the vessel as follows:

(a)   The vessel, while taking on fuel, developed a leak in the engine room, causing the Plaintiff to slip and fall upon entering said engine room.

(b)   In that the master, owners or operators of the vessel failed to provide the Plaintiff with a safe and seaworthy vessel, appliances and appurtenances, and to keep same in a safe and seaworthy condition.

(c)   Failed to maintain said vessel and its equipment and appliances in a safe and seaworthy condition.

(d)   The said vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents servants or employees at or prior to the time of the commencement of the voyage.

(e)   Defendant and its corporate officers, servants,

12

agents, employees and other persons for whom the Defendant are responsible, failed to take suitable precautions for the Plaintiff under the circumstances and conditions then existing the knowledge of the Defendant. Said Defendant had actual and constructive notice of unsafe, and dangerous and unseaworthy condition, and the aggravation of his injury.

29.  As a direct and proximate result of the unseaworthiness of the vessel, the Plaintiff was caused to suffer severe bodily injury and permanent injuries to Plaintiff's knees, was and still is totally incapacitated from work, will in the future be unable to engage in Plaintiff's vocation as a, chief engineer and or any other occupation requiring the full use of his body and limbs. As a further direct and proximate result of this injury suffered by Plaintiff, the Plaintiff has and will continue to suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as will as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

WHEREFORE the Plaintiff, sues and demands judgment against the Defendant, FRANK PEROTTI, JR., for all damages as allowed under the General Maritime Law and for any other damage that this Court may deem fit and proper and for a trial by jury.

13

## COUNT VI
## AGAINST FRANK PEROTTI, JR.
## FOR MAINTENANCE AND CURE

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1, 2, 4, 6 and 8 as though fully set forth herein.

30.  On or about April 8, 2000, while on board the *M/Y News* which was taking on fuel in New Port Rhode Island, the Plaintiff, while in the course and scope of his employment with the Defendant and in the performance of his duties slipped and fell in the engine room, whereupon, the Plaintiff seriously injured his back.

31.  Plaintiff has not been paid wages or maintenance, nor for any cure from that date until the present and has had to pay for his own medical care, his own maintenance and all other sums needed to protect himself from the injury he suffered on board the *M/V News* while on board as a seaman.

32.  The Defendant, *M/V News*, through its agents, servants and/or employees, arbitrarily, capriciously, willfully and in bad faith did not take all reasonable steps to provide proper maintenance and cure.

33.  The Defendant, *M/V News*, through its agents servants and/or employees, acted in a callous and recalcitrant manner depriving the Plaintiff of needed medical treatment, which aggravated his already serious injury and during this period of

14

time, refused arbitrarily to pay the Plaintiff his entitled maintenance and salary.

34.     Defendant's failure to supply Plaintiff with any maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such Plaintiff would be entitled to punitive damages and attorney's fees under the general Maritime Law of the United States. It is Plaintiff's intent to file a Motion to Amend the Complaint by interlineation to demand punitive damages when appropriate. In the meantime the allegations in support of a claim for punitive damages are contained in this Complaint.

WHEREFORE, Plaintiff, sues and demands judgment against the Defendant, FRANK PEROTTI, JR., for maintenance and cure, attorneys' fees, and costs for the wrongful denial of maintenance and cure, and for any other damage this Court may deem just and proper, and for a trial by jury.

## COUNT VII
## AGAINST FRANK PEROTTI, JR.
## FOR FAILURE TO TREAT

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1, 2, 4, 6, 8, and 20 through 34 as though fully set forth herein.

35.     Defendant failed to properly provide Plaintiff with prompt, adequate, and complete medical care. Defendant's failure contributed to contributed to Plaintiff's additional pain,

disability, and/or prolonged Plaintiff's recovery.

WHEREFORE, Plaintiff prays for any and all damage allowable under the law including interest, costs, and attorney's fees, and a trial by Jury.

### COUNT VIII
### CAUSE OF ACTION AGAINST
### CLEAN WATER, INC. FOR
### JONES ACT NEGLIGENCE

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1, 2, 5,7 and 8 as though fully set forth herein.

36. This action arises under the Jones Act, which is Section 33 of the Marine Act of 1920 at 46 USC section 688 and as an admiralty and maritime claim.

37. On or about April 8, 2000, while in the performance of his duties on board the vessel in New Port Rhode Island, the Plaintiff slipped and fell in the engine room, injuring his knees.

38. At all times material hereto, the Defendant owed the Plaintiff the highest standard of care under the Jones Act, 46 USC 688. It is the Defendant's responsibility to provide the Plaintiff with a reasonably safe vessel, with a safe place to work, to adequately maintain said vessel and to remedy unreasonable defects that the Defendant knew of or in the exercise of reasonable care should have known.

16

From: Paul J. Angel To: cmecf@ca...

39.   On or about April 8, 2000, the Plaintiff injured his knees as a result of the negligence of the vessel as follows:

(a)   The vessel, while taking on fuel developed, a leak in the engine room, causing the Plaintiff to slip and fall upon entering said engine room.

(b)   In that the master, owners or operators of the vessel failed to provide the Plaintiff with a reasonably safe ship and appliances and appurtenances and to keep same in a reasonably safe condition.

(c)   In that the master, owners or operators of the vessel failed to provide a reasonable and safe place for the Plaintiff to work and perform his duties.

(d)   Failed to maintain said vessel and its equipment appliances in a reasonably safe condition.

(e)   That said vessel was permitted and allowed to go upon the waters in an unsafe condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents, servants or employees at or prior to the time of the commencement of the voyage.

(f)   Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendants are responsible, failed to take reasonable precautions for the Plaintiff under the circumstances and conditions then existing to

17

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1, 2, 5, 7 and 8 as though fully set forth herein.

40.   This action arises as an admiralty and maritime claim under General Maritime Law.

41.   On or about April 8, 2000, while in the performance of his duties on board the vessel in New Port Rhode Island, the Plaintiff slipped and fell in the engine room, injuring his knees.

42.   That at all times material hereto the Defendant owed the Plaintiff the duty to provide a seaworthy vessel and to provide the Plaintiff a safe place to work.

43.   On or about April 8, 2000, the Plaintiff injured his knees as a result of the unseaworthiness of the vessel as follows:

(a)   The vessel, while taking on fuel developed, a leak in the engine room, causing the Plaintiff to slip and fall upon entering said engine room.

(b)   In that the master, owners or operators of the vessel failed to provide the Plaintiff with a safe and seaworthy vessel, appliances and appurtenances, and to keep same in a safe and seaworthy condition.

(c)   Failed to maintain said vessel and its equipment and appliances in a safe and seaworthy condition.

From: Paul J. Ansel  To: greg ligelis

(d)   The said vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents servants or employees at or prior to the time of the commencement of the voyage.

(e)   Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendant are responsible, failed to take suitable precautions for the Plaintiff under the circumstances and conditions then existing the knowledge of the Defendant.  Said Defendant had actual and constructive notice of unsafe, and dangerous and unseaworthy condition, and the aggravation of his injury.

44.  As a direct and proximate result of the unseaworthiness of the vessel, the Plaintiff was caused to suffer severe bodily injury and permanent injuries to Plaintiff's knees, was and still is totally incapacitated from work, will in the future be unable to engage in Plaintiff's vocation as a, chief engineer and or any other occupation requiring the full use of his body and limbs. As a further direct and proximate result of this injury suffered by Plaintiff, the Plaintiff has and will continue to suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning

From: Paul J. Angel, Esq. & Associates

capacity as will as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

WHEREFORE the Plaintiff, sues and demands judgment against the Defendant, CLEAN WATER, INC., for all damages as allowed under the General Maritime Law and for any other damage that this Court may deem fit and proper and for a trial by jury.

## COUNT X
## AGAINST CLEAN WATER, INC.
## FOR MAINTENANCE AND CURE

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1, 2, 4, 6 and 8 as though fully set forth herein.

45.   On or about April 8, 2000, while on board the *M/Y News* which was taking on fuel in New Port Rhode Island, the Plaintiff, while in the course and scope of his employment with the Defendant and in the performance of his duties slipped and fell in the engine room, whereupon, the Plaintiff seriously injured his back.

46.   Plaintiff has not been paid wages or maintenance, nor for any cure from that date until the present and has had to pay for his own medical care, his own maintenance and all other sums needed to protect himself from the injury he suffered on board the *M/V News* while on board as a seaman.

47.   The Defendant, *M/V News*, through its agents, servants

21

and/or employees, arbitrarily, capriciously, willfully and in bad faith did not take all reasonable steps to provide proper maintenance and cure.

48.   The Defendant, *M/V News*, through its agents servants and/or employees, acted in a callous and recalcitrant manner depriving the Plaintiff of needed medical treatment, which aggravated his already serious injury and during this period of time, refused arbitrarily to pay the Plaintiff his entitled maintenance and salary.

49.   Defendant's failure to supply Plaintiff with any maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman.  As such Plaintiff would be entitled to punitive damages and attorney's fees under the general Maritime Law of the United States.  It is Plaintiff's intent to file a Motion to Amend the Complaint by interlineation to demand punitive damages when appropriate. In the meantime the allegations in support of a claim for punitive damages are contained in this Complaint.

WHEREFORE, Plaintiff, sues and demands judgment against the Defendant, CLEAN WATER, INC., for maintenance and cure, attorneys' fees, and costs for the wrongful denial of maintenance and cure, and for any other damage this Court may deem just and proper, and for a trial by jury.

22

## COUNT XI
## AGAINST CLEAN WATER, INC.
## FOR FAILURE TO TREAT

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1, 2, 4, 7, 8, and 35 through 49 as though fully set forth herein.

50.    Defendant failed to properly provide Plaintiff with prompt, adequate, and complete medical care. Defendant's failure contributed to contributed to Plaintiff's additional pain, disability, and/or prolonged Plaintiff's recovery.

WHEREFORE, Plaintiff prays for any and all damage allowable under the law including interest, costs, and attorney's fees, and a trial by Jury.

BARNETT & LERNER
225 E. Dania Beach Blvd Suite 202
Dania Beach, Florida 33004
Telephone:(954) 920-7400

_____
BARRY LERNER, ESQ.
Fla Bar No.: 396370

## CERTIFICATION

This is to certify that on August 6, 2004, a copy of the foregoing was telefaxed and mailed via first class mail, postage prepaid, to:

James W. Carbin, Esq.
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102

_____
John L. Senning, Esq.