FILED

2004 AUG 18 A 10: 48

U.S. DISTRICT COURT
HARTFORD, CT.

STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | : | CASE NO.: 301 CV 1410 (RNC) |
| Plaintiff, | : | |
| v. | : | |
| FRANK PERROTTI, JR., | : | |
| Defendant. | : | AUGUST 17, 2004 |

### OBJECTION TO PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW ON EMPLOYMENT STATUS

The Defendant, Frank Perrotti, Jr. ("Perrotti") by his attorneys, Senning & Rieder, hereby submits this Objection to the Reply brief filed by the Plaintiff, The Connecticut Indemnity Company ("CIC"), On August 13, 2004.

It was the Defendant Perrotti's clear understanding that the leave granted to counsel for CIC to file a brief in reply to the Supplemental Memorandum of Law submitted prior to the commencement of trail on behalf of Perrotti regarding his status as employer of crew member Johan Fourie was to be just that – a reply brief limited to the employer/employee issue. At no time before, during or at the conclusion of the trial did CIC request leave to file a post-trial brief on various matters at issue. In point of fact, the Court expressly indicated that it would not be permitting post-trial briefs, but rather would be making its decision in this case based upon the pretrial submissions and the evidence presented in the case at trial.

It is deeply troubling to find that the Reply brief dated August 13, 2004 submitted on behalf of CIC which was to have been limited to the sole issue of Fourie's employment, goes far beyond that scope and the permission granted by the Court. The Reply brief, as submitted on behalf of CIC, presents arguments regarding the evidence presented at trial, makes erroneous statements of fact and conclusions of law and severely mischaracterizes the testimony of witnesses in a number of instances. CIC's Reply brief further goes far beyond the very limited scope authorized by the Court and presents argument and representations of law regarding other matters such as burden of proof, agency relationships and legal process and procedures.

In light of the serious disregard of the courtesy afforded to CIC and its abuse of same by the inclusion of matters outside the intended limited scope of the Reply brief to be filed, it is respectfully requested that the Court disregard the Reply in its entirety or at the very least redact or disregard all references to any trial evidence and any reference to facts or legal argument other than the single narrow issue of Fourie's employment.

In order for the issue of the applicability of the Jones Act to a foreign seamen, foreign vessels or other foreign circumstances to receive a fair and balanced consideration, the Court's attention is directed to the exhaustive annotation on that subject as set forth in 68 A.C.R. Fed. 360 (2003); See, LEXSEE 68 ALR FED 360.

## CONCLUSION

In accordance with the Court's rulings and guidelines for this case, Perrotti did not seek or attempt to make post-trial arguments, final summation or submit a post-trial brief.

Under such circumstances, it would be grossly unfair to Perrotti to now allow CIC to do so under the guise of the Reply brief it has submitted.

**Respectfully Submitted,**

**DEFENDANT,
FRANK PERROTTI, JR.**

By: _____
John L. Senning
Senning & Rieder
The Essex Law Group
16 Saybrook Road
Essex, Connecticut 06426
Tele: 860.767.2618
Fax: 860.767.2618
jlssealaw@aol.com

## **CERTIFICATION**

This is to certify that on August 17, 2004, a copy of the foregoing was telefaxed and mailed, postage prepaid, to James W. Carbin, Esq., Duane Morris LLP, 744 Broad Street, Suite 1200, Newark, New Jersey 07102.

_____
John L. Senning