UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | November 4, 2004 |
| Defendant. | |

**SUPPLEMENTAL AFFIDAVIT OF JOHN L. SENNING
IN OPPOSTIION TO MOTIONS FOR SANCTIONS**

I, John L. Senning, being duly sworn do depose and say:

1. I am over the age of eighteen years and understand the obligation of an oath.

2. I am the attorney for Frank Perrotti, Jr. in the above captioned matter and for Clean Waste, Inc. in the related matter entitled Clean Waste, Inc. v. The Connecticut Indemnity Co., et al., Case No. 3:02CV2105 (RNC).

3. I make this affidavit to supplement my prior affidavits of June 23, 2004 and June 28, 2004 which were submitted in opposition to the Motions for Sanctions/Attorneys Fees filed by The Connecticut Indemnity Company and Marine MGA, Inc., Buren Deldin Dido Associates, Inc. and First Nations Financial Services, Inc., respectively.

4.  In those affidavits it was affirmed by me that the first time a copy of the Court's Order of April 12, 2004 (a copy of which is attached hereto) was ever seen by me was on June 10, 2004 when I received a copy of the Motion for Sanctions dated June 7, 2004 filed by The Connecticut Indemnity Company and Marine MGA, Inc. and a copy of said Order was attached as Exhibit "I", to the Declaration of their attorney James W. Carbin.

5.  My previous affidavits further affirmed that I had no record of ever receiving a copy of the Order from this Court scheduling the June 3, 2004 Settlement Conference prior to June 10, 2004.

6.  The basis of those affirmations was that as a small law firm, I personally receive and review all pleadings and Court Orders and notices pertaining to pending litigation matters and this matter in particular.

7.  As the convening of a settlement conference was something that I had directly requested and sought for as a possible means of resolving the pending litigation proceedings, any Order pertaining to same received by my office would have been brought to my immediate attention by my legal assistant.

8.  At no time prior to the June 10, 2004 receipt of the Motion for Sanctions filed by The Connecticut Indemnity Company and Marine MGA, Inc. did I receive or see a copy of the April 12, 2004 Order from this Court.

9.  Following receipt of the June 3, 2004 telephone call from Attorney James Carbin advising of the Settlement Conference inquiry was made of my office staff involved in handling incoming

mail and court calendars and notices in particular regarding whether a copy of any Order from the Court regarding a June 3, 2004 had been received.

10. Following the June 10, 2004 receipt of a copy of the Motion for Sanctions and Declaration from Attorney Carbin to which a copy of the Court's Order of April 12, 2004 was attached inquiry was again made as to whether a copy of that Order had ever been received by this office.

11. In both instances no staff member had any recollection of this office's receipt of a copy of the April 12, 2004 or any Order scheduling the Settlement Conference for June 3, 2004.

12. My legal assistant Janet J. Klinck, who was directly involved in the handling of my incoming mail including court notices, orders and calendar matters, was also involved in the monitoring of various matters pertaining to this case and the related case and as such the receipt of a copy of the Order of April 12, 2004 by this office is something that would have been without doubt immediately noted, diaried in our calendar/diary system and called to my attention.

13. On the basis of the forgoing including the inquiries made of my staff and legal assistant handling my incoming mail including court filings, notices and orders, etc. I further affirm that neither my office nor I or any members of my staff received a copy of the April 12, 2004 Order prior to the June 3, 2004 Settlement Conference and did not see a copy of same until its receipt on June 10, 2004 as an exhibit to the Motion for Sanctions filed on behalf of CIC and Marine MGA, Inc.

Signed and dated at Essex, Connecticut this 4th day of November, 2004.

_____
John L. Senning

Subscribed and sworn
to before me this 4th
day of November, 2004

_____
Notary Public

My Commission Expires:_____

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THE CONNECTICUT INDEMNITY CO.,
    -Plaintiff(s)

-v-                              NO. 3:01 CV 1410 (SRD)

FRANK PERROTTI, JR.,
    -Defendant(s).

### ORDER

A settlement conference will be held before the undersigned on JUNE 3, 2004 at 10:00 a.m. The parties shall submit **ex parte** statements (including damages analyses) to the Chambers of Judge Smith, Room 258, not to exceed three pages, no later than 3 calendar days prior to the conference. **Facsimiles will not be accepted**. Counsel shall be accompanied by the appropriate persons with the authority to settle. It will not be sufficient for such individuals to be "available by telephone." See Nick v. Morgan's Foods, Inc., 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo. 2000).

IT IS SO ORDERED.

Dated at Hartford, Connecticut, this 12th day of April, 2004.

_____
Thomas P. Smith
United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that on November 4, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, to the following:

James W. Carbin, Esq.
Duane Morris
744 Broad St., Suite 1200
Newark, NJ  07102-3889

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl St.
Hartford, CT  06103-4500

Frank J. Liberty, Esq.
111 Huntington St.
New London, CT  06320

_____
John L. Senning