UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | Case No. 301CV1410 (RNC) |
| Plaintiff, | |
| v. | |
| FRANK PERROTTI, JR., | November 4, 2004 |
| Defendant. | |

### AFFIDAVIT OF JANET J. KLINCK

I, Janet J. Klinck, being duly sworn do depose and say:

1. I am over the age of eighteen years and understand the obligation of an oath.

2. I am a legal assistant to Attorney John L. Senning at the law firm of Senning & Rieder and have been so employed since October, 2001.

3. One of my office responsibilities is the handling of incoming mail for Attorney Senning including the receipt of pleadings, filings, and Court notices, orders and related documents pertaining to pending litigation matters and the diarying of same as appropriate when received.

4. As part of my legal assistant work I have been involved in monitoring the status of the CIC v. Perrotti and Clean Waste Inc. v. CIC et al matters and the scheduling of various dates pertaining to same.

5. As part of my involvement with Attorney Senning's handling of these matters, I had occasion to be shown a copy of the April 12, 2004 Order of this Court pertaining to the scheduling of a Settlement Conference for June 3, 2004.

6. The first time I ever saw a copy of the April 12, 2003 Order was on or about June 10, 2004 when Attorney Senning received a copy of a Motion for Sanctions filed on behalf of The Connecticut Indemnity Company and Marine MGA, Inc. and a copy of the April 12, 2004 Order was attached to a Declaration filed by Attorney James Carbin.

7. As the person responsible for handling incoming mail including court notices and related documents for Attorney Senning, particularly with respect to the CIC/Perrotti matters, I would have remembered the receipt of the Order in question since the Settlement Conference was a matter which Attorney Senning and his client Frank Perrotti had been directly involved in requesting, orchestrating and coordinating between other counsel as a possible means of resolving the two pending, protracted litigation matters.

8. Following Attorney Senning's receipt of the June 3, 2004 telephone call from Attorney Carbin advising of the convened Settlement Conference, Attorney Senning and I made a thorough search of all pending litigation files in which any Order pertaining to same could have been filed or misfiled. Nothing in this regard was located and no other staff member had any recollection of ever receiving or seeing any Order or scheduling notice regarding a June 3, 2004 Settlement Conference date.

9.  On the basis of the forgoing I further reaffirm that I did not ever see or receive a copy of the April 12, 2004 Order until a copy of it was received on June 10, 2004 as an attachment to the Declaration of Attorney Carbin in support of his Motion for Sanctions.

10. Had a copy of said Order been received by this office it would have gone through me or been given directly to Attorney Senning and then to me to diary and schedule deadline dates accordingly.

Signed and dated at Essex, Connecticut this 4th day of November, 2004.

_____
Janet J. Klinck

Subscribed and sworn
to before me this 4th
day of November, 2004

_____
Notary Public

My Commission Expires:_____

## **CERTIFICATION**

I hereby certify that on November 4, 2004, a true copy of the foregoing was sent by First Class mail, postage prepaid, to the following:

James W. Carbin, Esq.
Duane Morris
744 Broad St., Suite 1200
Newark, NJ 07102-3889

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl St.
Hartford, CT 06103-4500

Frank J. Liberty, Esq.
111 Huntington St.
New London, CT 06320

_____
John L. Senning