|   |   |   |
|---|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | ) ) | CASE NO.: 301CV1410(RNC) |
| Plaintiff | ) | |
| v. | ) ) | AFFIDAVIT OF JOHN L. SENNING IN SUPPORT OF FRANK PERROTTI, JR.'S MOTION FOR ATTORNEYS' |
| FRANK PERROTTI, JR. | ) | FEES AND EXPENSES |
| Defendant | ) ) | NOVEMBER 7, 2005 |

STATE OF CONNECTICUT    )
                        .ss: Essex
COUNTY OF MIDDLESEX     )

JOHN L. SENNING, being duly sworn, deposes and says:

1. I am the attorney for Frank Perrotti, Jr. ("Perrotti") and make this affidavit in support of his motion to recover the legal fees and expenses incurred by him with the law firm of Senning & Rieder and John L. Senning in the defense of this Declaratory Judgment Action as above captioned brought by The Connecticut Indemnity Company ("CIC").

2. On or about November 13, 2001, I was engaged to represent the interests of Frank Perrotti Jr. in connection with the defense of this Declaratory Judgment Action and the denial of coverage and defense by CIC with respect to the action the action then pending against him in Florida entitled "Johan Fourie v. Clean Waste, Inc., Frank Perrotti, Jr. in personam and the M/Y NEWS, her engines, tackle, etc. in rem, Case No. CIV 01-7735 (ZLOCH) (the "Florida action").

3. Frank Perrotti, Jr. was referred to me to defend his interests in these litigation matters since I specialize in marine litigation including marine insurance matters. I have practiced in this

specialized area since 1970 and have been a Certified Proctor in Admiralty being so certified by The Maritime Law Association of the United States since 1974.

4.  I agreed to undertake the representation of Frank Perrotti, Jr.'s interest in connection with this matter as well as coordinate same and maintain liaison with other attorneys representing the defense of his interests in the Florida action as well as his general legal counsel.

5.  I refer to my invoices under the firm name of Senning & Rieder copies of which were previously marked as Perrotti Exhibits in the Joint Pretrial Memo submitted dated August 9, 2004 and were also marked as Perrotti Exhibits in the Joint Pretrial Memo submitted dated August 2, 2005 copies of which were marked as Perrotti Exhibits at trial. Further copies of these invoices with invoices rendered subsequent to trial are attached hereto as Exhibit A to this Affidavit and incorporated herein. These invoices detail in summarized form the nature and extent of my involvement in providing the necessary attention as requested and required to respond to the allegations of CIC in this Declaratory Judgment Action as well as to otherwise protect and assert the interests of my client, Frank Perrotti, Jr.

6.  After reviewing the initial and amended Complaint in the Declaratory Judgment Action and related documents, I conducted an extensive initial investigation into the facts and circumstances surrounding the various events pertaining to the purchase of the subject vessel, the application and placement of the initial insurance policy, the registration and operation of the vessel thereafter, the initial hull damage sustained to the vessel and the adjustment/settlement of that claim, the accident involving the alleged injury to a crew member of the vessel, Johan Fourie, the request for expanded navigational coverage, the additional coverage provided for the

vessels new tender, the renewal of the subject policy and the facts and circumstances pertaining to the denial of coverage and defense by CIC. In the course of the forgoing, I conducted numerous interviews with various individuals involved in the aspects of the matters summarized above and obtained and reviewed hundreds of pages of documents, invoices, statements, memos, etc. pertaining to same.

7. On the basis of the status of the pleadings and the information developed during the course of the pre-trial phase of this matter, I prepared various motions and pleadings on behalf of Frank Perrotti, Jr. as well as responses to various motions and pleadings filed on behalf of CIC.

8. During and throughout the course of same, I maintained contact and liaison with Mr. Perrotti's general legal counsel and other special marine law counsel at Robinson & Cole who were coordinating and handling major aspects of the Florida case at the same time. In addition, various communications were had with Attorney David Bohannon of Bohannon & Bohannon who was retained to represent the interests of William Taylor, the individual employed by Mr. Perrotti as manager of operations for the M/Y "NEWS" with respect to discovery and deposition matters.

9. In addition to the extensive attention required with respect to the interrogatory and document production phase of the extended discovery proceedings, substantial time and expense was required to be incurred on behalf of Mr. Perrotti's interest with regard to preparation for and attendance at the depositions of William Taylor, Frank Perrotti, Jay Lorinsky, John Sterling, Donald Roberts and Scott Haney including various communications to and from their separate respective legal counsel.

10.     Throughout the discovery and pre-trial phases of this matter, frequent communications were had with counsel for CIC with respect to discovery compliance issues; preparation of joint status reports, periodic reports regarding the status of the Florida actions, repeated requests for the providing of a defense to same under a reservation of rights and reporting with respect to the progress toward and eventual consummation of the settlement of the Florida action.

11.     Among the documents reviewed during the course of the investigation summarized above was the notice of rescission/declination letter dated July 23, 2001 from CIC directed to Frank Perrotti, Jr. which, <u>inter alia</u>, set forth several basis upon which the rescission of insurance and declination of coverage was purportedly predicated (See CIC Trial Exhibit 7). Based upon the facts and circumstances developed during the course of my investigation, it was determined that the stated basis for such rescission/declination was clearly erroneous and contrary to the actual facts and circumstances which were or should have been known to CIC at the time it issued said letter and/or could readily have been determined at that time had a reasonably diligent investigation been conducted by CIC prior to issuing same.

12.     At numerous times during the course of my undertaking the defense of Frank Perrotti Jr.'s interests, I advised legal counsel for CIC of the status of my investigation regarding the facts and circumstances pertaining to the stated basis for CIC's rescission and declination and the inaccuracies of same. I further repeated on numerous occasions, both verbally and in writing, the request for CIC's providing of a defense to the Florida action on the basis of a reservation of rights as well as its participation in the settlement of same. Despite such requests and the advising of the inaccuracies set forth in CIC's rescission/declination letter, CIC refused to

4

provide a defense on behalf of Frank Perrotti, Jr. on any basis whatsoever. As a direct consequence of such refusal Frank Perrotti Jr. was required to personally bear the expense of incurring and paying the legal fees for handling the defense and settlement of the Florida action as well as those in the defense of this Declaratory Judgment Action as summarized herein and the accompanying affidavit of Gregory J. Ligelis.

13. Additional extensive time was spent in connection with the Joint Pretrial Memorandum and the preparation for and conducting of the defense at trial of the Declaratory Judgment portion of this case as well as the assertion and presentation of Mr. Perrotti's counterclaims, etc. at trial. Subsequent to trial, further time was required to be spent over the course of more than a year to monitor the status of this case and the rendering of a judgment with respect to same including this Motion for Attorneys' Fees.

14. The total legal fees incurred by me and my firm Senning & Rieder through October 18, 2005 with respect to representing Frank Perrotti, Jr.'s interest were $192,588.38 and expense disbursements of $10,894.27 for a total of $203,482.65.

Signed and dated at Essex, Connecticut this 7th day of November, 2005.

_____
John L. Senning

Subscribed and sworn
to before me this 7th
day of November, 2005

_____
Notary Public