UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | : | CASE NO.: 301 CV 1410 (RNC) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| FRANK PERROTTI, JR., | : | NOVEMBER 7, 2005 |
| Defendant. | | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES

### STATEMENT OF FACTS

This Court rendered a Ruling and Order dated September 30, 2005 which, inter alia, ruled that Defendant, Frank Perrotti, Jr., ("Perrotti")may file a motion for an award of attorneys' fees and costs based on the fees and costs he incurred in defending this declaratory judgment action ("Declaratory Judgment Action"). Judgment was entered in favor of Perrotti dismissing The Connecticut Indemnity Company's, ("CIC") complaint with prejudice and awarding Perrotti damages in the amount of $352,135.58 consisting of $200,000.00 towards the settlement with Johan Fourie in the Florida litigation entitled *Johan Fourie v. Clean Waste, Inc. and Frank Perrotti, Jr. in personam, and the M/Y NEWS, her engines, tackle, etc., in rem,* Case No. CIV 01-7735 (ZLOCH) and attorneys' fees of $152,135.58 from the Florida law firm of Holland & Knight in defending the Florida action ("Florida Litigation Action"). This memorandum of law is submitted in support of Perrotti's motion for an order directing that CIC, as the losing party in

the Declaratory Judgment Action, pay the attorney's fees of John L. Senning of Senning & Rieder in the amount of $203,482.65, and the attorneys' fees of the Bohannon Law Firm incurred in prevailing in the Declaratory Judgment Action, as well as the attorneys' fees incurred by law firm of Robinson & Cole LLP ("Robinson & Cole") in defending the Florida Litigation Action. The facts pertaining to the incurrence of these fees by John L. Senning, Robinson & Cole, and the Bohannon Law Firm are set forth in the affidavits of John L. Senning dated November 3, 2005, Exhibits attached thereto and the affidavit of Gregory J. Ligelis of Robinson & Cole dated October 28, 2005, and Exhibits A and B attached thereto.

## SUMMARY OF ARGUMENT

It will be demonstrated in this Memorandum of Law that

1. Connecticut law governs the issue of whether an insured may recover attorney's fees in prevailing in a Declaratory Judgment Action.

2. Connecticut law allows for attorney's fees to be awarded to insureds who prevail in a declaratory judgment action where the <u>insurer has breached its duty to provide a defense under the policy to the insured</u>.

3. That there is no uniform federal maritime rule that prohibits the awarding of attorney's fees to an insured where the insured prevailed in a declaratory judgment action <u>when the insurer breached its duty to provide a defense to the insured</u>.

4. The Circuit Courts are split as to whether there is a general rule that attorneys fees are not allowed in admiralty actions.

5.  This Court, in its discretion, should award Perrotti his attorney's fees in the Declaratory Judgment Action; and

6.  Perrotti should be awarded the fees of Robinson & Cole in defending Perrotti in the Florida Action.

## POINT I.

## CONNECTICUT LAW SHOULD BE APPLIED

This action involves Frank Perrotti, a Connecticut citizen, and CIC, a Connecticut insurance company under a yacht insurance policy ("Policy") issued in Connecticut.

This Court in its Ruling and Order dated July 16, 2003 denied summary judgment to CIC and ruled that the interpretation of the Policy was governed by the law of Connecticut.

This Court, in its Ruling and Order dated September 30, 2005 applied Connecticut law to reject CIC's rescission claim and to also reject CIT's assertion that the doctrine of *uberrimae fidei* applied to the Policy. Perrotti understood that Connecticut law was to apply. The Policy itself in Clause 19 Conformity to Statute provided as follows:

> Terms of this policy which are in conflict with the statutes of the state wherein the policy is issued are hereby amended to confirm to such statutes.

*See* Ex. No. 3 of Roberts' deposition.

This Court recognized that in the absence of a specific federal rule, "federal courts look to state law for principles governing marine insurance policies." Ruling and Order dated Sept. 30, 2005. The United States Supreme Court has ruled that in the absence of a specific and

controlling rule, the interpretation and construction of a marine insurance contract is to be governed by state law. *See Wilburn Boat*, 348 U.S. 310, 321, 75 S. Ct. 368, 79 L.Ed. 337 (1958).

POINT II.

**IN CONNECTICUT, AN INSURER WHICH BREACHES ITS DUTY TO DEFEND IS LIABLE TO THE INSURED FOR ITS ATTORNEY'S FEES WHEN THE INSURED PREVAILS IN A DECLARATORY JUDGMENT ACTION**

In *Aetna Life Casualty Co. v. Gentile*, 1995 WL 779102, Conn. Super Ct., Dec. 12, 1995, Aetna insured Gentile, d/b/a Lakewood Auto Parts ("Gentile"). A fire at Gentile's premises caused damage to several vehicles owned by others in the care, custody and/or control of Gentile and its garage operations. The insurer of an owner of the vehicle damaged in the fire brought a subrogation action against Gentile. Aetna sought a declaratory judgment from the court determining that Aetna had no duty to defend Gentile in the subrogation action, and that it had no duty to indemnify Gentile for any loss or liability for the subrogation claim. Gentile opposed the declaratory judgment action and sought indemnification and attorney's fees for defending the underlying lawsuit as well as its attorney's fees in the declaratory judgment action brought by Aetna. The court ruled that Aetna did have a duty to defend Gentile:

> The Court determines that the defendant insured is entitled to be reimbursed by the insurer for the insured's reasonable attorneys fees and costs in defending the underlying action to date here of and to be reimbursed for reasonable attorneys fees and costs in defending this declaratory judgment action.

The court reasoned that

> once it is understood that this is an action *by the insurer* seeking a declaratory judgment, the purpose of which is to *foreclose* Gentile, the insured, *from eventually claiming* attorney's fees in the underlying action,. . ., then this declaratory judgment is in no fashion an optional action by an insured seeking *indemnity* from a judgment, including attorneys fees for having defended the

5

> underlying claim. <u>Rather, this action is an attempt by the plaintiff insurer to foreclosure on the insured's right to assert an eventual claim for which indemnity and attorney's fees for defense of the underlying action may be in the future be brought by the insured."
> . . . it [the DJ action] thrusts upon the insured defendant the unnecessary expense of having to defend against this action so as to preserve his right to be furnished a defense of the underlying action, a right to which he is entitled under the specific provisions of the policy.</u> (Emphasis supplied).

In *General Plasma Inc. v. Reliance Insurance Company*, 2000 WL72811 (Conn. Super. Ct. January 11, 2000), the court expanded the holding in *Gentile* to apply to situations where the insured brings the declaratory judgment action against its insurer to determine its right to a defense and/or indemnity. As in *Gentile,* Reliance Insurance Company ("Reliance") failed to provide its insured with a defense in the underlying lawsuit. After determining that Reliance had a duty to defend, it awarded General Plasma the amount it paid to settle the underlying lawsuit, the amount it incurred in defending the underlying suit and the attorney's fees and costs incurred by General Plasma in bringing the declaratory judgment action against Reliance to determine its rights under the policy. The court noted that the result would be different if Reliance had faithfully fulfilled its duty to defend and also brought a declaratory judgment to determine insurance coverage. In that case, there would have been no actual breach by the insurer.

The Court further ruled that

> the insuror cannot condition the insured's continuing right to a defense by imposing upon the insured, <u>as a condition precedent,</u> the expenditure of extraordinary funds to preserve his right to a eventual claim for that contractual benefit. (Emphasis supplied).

6

The same reasoning mandates that Perrotti recover the legal fees he incurred in defending the Declaratory Judgment Action. CIC refused to provide a defense to Perrotti in the Florida Action even though it could have done so under a reservation of rights. As a result, Perrotti first had to expend amounts to defend the claim and settled it on the eve of trial. Then Perrotti had to incur the extensive legal fees of this Action. To not allow the award of attorneys' fees to Perrotti in the Declaratory Judgment Action would only serve as an incentive for Connecticut insurers to decline to provide a defense to Connecticut insureds in all matters, if the insurers know that they are immune from having to pay the insured's expenses of fighting a declaratory judgment action. The right of an insured to attorney's fees in these circumstances is a substantive right under Connecticut law and this Court should award Perrotti his attorney's fees and costs.

## POINT III.

### THE CIRCUIT COURTS ARE SPLIT ON THE ISSUE OF ATTORNEYS FEES IN ADMIRALTY CASES

CIC will argue that it has no duty to pay the insured's attorneys' fees in defending the Declaratory Judgment Action because they contend that there is an established federal rule that attorneys fees are not awarded in all admiralty cases. It has been held in the Second Circuit, in an opinion that painted with a very broad brush, that attorney's fees are not recoverable in admiralty actions. *See American National Fire Insurance Company. v. J. Kenealy*, 72 F.3d 264 (2d Cir. 1995) (hereinafter "Kenealy") However, in that opinion, the Court recognized that the Fifth Circuit had determined that there was no such established federal admiralty rule. *See INA of Texas v. Richard*, 800 F.2d 1379 (5th Cir. 1986). The Eleventh Circuit also found no such

established admiralty rule, *infra*. CIC's contention creates an anomaly. How can it be an "established federal uniform maritime rule", if there is a split in the Circuits over whether there is or is not such a rule.

The Eleventh Circuit in *All Underwriters v. Weisberg*, 222 F.3d 1309 (11th Cir. 2000) (hereinafter "Weisberg") criticized and deconstructed the *Kenealy* decision. In *Weisberg*, the Underwriters sought to have a marine insurance policy declared void due to alleged misrepresentations in the insured's application for insurance. The insured counterclaimed for breach of contract demanding attorney's fees pursuant to a Florida statute. After the trial court denied the insurer's motion for summary judgment, the parties settled the underlying claim and the insured appealed the court's denial of its request for attorney's fees.

The Eleventh Circuit reversed and ruled that the Florida statute allowing an insured or named beneficiary under an insurance policy to recover attorney's fees in an action establishing its rights to coverage was substantive law for "ERIE" purposes. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

The court in Weisberg then explained why it felt the *Kenealy* decision was wrongly decided

> In reviewing the Kenealy decision, we, however, observe that the cases which underlie the court's rationale in Kenealy do not support the notion of an emerging federal rule of law relating to attorney's fees in maritime insurance litigation. *See Robertson*, 27 J. Mar. L. Con. At 566 ("It [ ] appears that [Kenealy] was <u>wrongly decided</u>. The court mistakenly took the American rule – a general federal procedural rule – for a substantive rule to displace state substantive law."). (Emphasis supplied).

8

The *Kenealy* court concluded that the Second Circuit in *Ingersoll Milling Machine Co. v. M/V Bodena*, 829 F.2d 293 (2d Cir. 1987), held that the general prohibition on attorney's fees in admiralty suits applies in a suit over a marine insurance contract. *See* 72 F.3d at 270. Next, the *Kenealy* court rejected the Richard decision by noting that the First and Third Circuits, writing after *Ingersoll*, reached the same conclusion as *Ingersoll*. However, neither the First nor the Third Circuit case dealt with a dispute <u>over a marine insurance contract</u>. (Emphasis supplied). The Third Circuit, in *Sosebee v. Rath*, 893 F.2d 54 (3d Cir. 1990), faced a maritime tort action. *See id.* at 55. In *Southworth Machinery Co. v. F/V Corey Pride*, 994 F.2d 37 (1st Cir. 1993), the First Circuit found the defendant liable as a result of its breach of its express warranty for parts and workmanship incident to the repair of a ship which is a standard contractual breach to which maritime law has always applied. *See id.* at 42. Moreover, the First Circuit's decision supports the proposition that federal maritime law does not cover marine insurance contract disputes.

The First Circuit stated that State statutes providing for attorney's fees may sometimes be given effect in admiralty cases, notably, where the attorney's fees are awarded incident to a dispute that is not normally a subject of maritime law. For example, in *Pace v. Insurance Company of North America*, 838 F.2d 572, 578-79 (1st Cir. 1988), we held that maritime law did not preempt a Rhode Island cause of action allowing recovery of damages and attorney's fees for an insurer's bad faith refusal to pay to settle claims: <u>the refusal to settle [insurance] claims is  normally left untouched by maritime law</u>. (Emphasis supplied).

Id. at 41 (emphases added). Thus, the cases relied upon by *Kenealy* do not support the *Kenealy's* court's proposition that they reached the same conclusion as *Ingersoll*.

In addition, Underwriters does not provide any reason, nor have we found one, to require a unitary and uniform federal rule respecting attorney's fees in maritime insurance *1315 litigation. See INA, 800 F.2d at 1381; *see also Coastal Fuels*, 207 F.3d at 1251 (holding that no reason existed to create a uniform national rule in admiralty where the case concerned attorney's fees and whether the contractual provision which provided for attorney's fees should

9

> allow a party to recover attorney's fees where it succeeded on all
> but one minor issue.)

The Court's ruling in *American National Fire Insurance Company v. J. Kenealy,* is also clearly distinguishable from the facts of this case. In *Kenealy*, American National Fire Insurance Company brought a declaratory judgment action stating that it had no duty to provide coverage to J. Kenealy for damage to the Kenealy yacht which sunk. American National Fire Insurance Company lost the declaratory judgment action and was obligated to provide coverage. However, the trial court ruled that the insured's attorney's fees were not recoverable, since they were not available under federal admiralty law. In *Kenealy*, the insurer did not breach its duty to defend, which is the critical distinguishing factor.

This Court should rule that *Kenealy* does not apply to the facts of this case and that the substantive law of Connecticut should apply. Connecticut case law provides for an insured to recover its attorney's fees in prevailing in a declaratory judgment action where the insurer has breached its duty to provide the insured with a defense.

### POINT IV.

### IN ADMIRALTY ACTIONS THE COURT HAS DISCRETION TO AWARD ATTORNEY'S FEES

In this action CIC has been found to have breached its duty to provide a defense to Perrotti. The failure to defend until the scope of coverage determined constitutes bad faith. In such a situation, it is submitted that Perrotti should be entitled to recover his attorney's fees necessitated by such conduct. CIC acted in bad faith by refusing to provide a defense to Perrotti under a reservation of rights to Perrotti. CIC never even interviewed Perrotti before sending out

its letter denying coverage. In such a situation, this Court should exercise its discretion to award attorney's fees to Perrotti "the general rule . . . that the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith." *Ingersoll Milling March. Co. v. M/V Bodena*, 829 F.2d 293, 309 (2d Cir. 1987), *cert. denied sub nom. J.E. Bernard & Co. v. Ingersoll Milling Mach. Co.*, 484 U.S. 1042, 108 S. Ct. 774, 98 L.Ed. 2d 860 (1988). It has already shown that Connecticut law provides for the award of such fees in this matter. Therefore, it is respectfully submitted to this Court that it exercise its discretion and award attorneys' fees incurred by John L. Senning of Senning and Rieder in the amount of $203,482.65, and the Bohannon Law Firm's legal fees of $13,458.95.

## POINT V.

### PERROTTI SHOULD BE AWARDED THE LEGAL FEES OF ROBINSON & COLE IN DEFENDING THE FLORIDA ACTION

The law firm of Robinson & Cole was retained by Perrotti to supervise, instruct and coordinate the defense in the Florida Action by Holland & Knight. The invoices of Robinson & Cole were submitted and marked as Exhibits in the Pretrial Memo, and Gregory J. Ligelis was listed as a witness in the Pretrial Memo. The Affidavit of Gregory J. Ligelis demonstrates that Robinson & Cole not only supervised and prepared most of the discovery of the litigation, but also directly negotiated the settlement agreement with Johan Fourie's counsel in the Florida Action. Accordingly, Robinson & Cole attorneys' fees should also be awarded to Perrotti.

11

## POINT VI.

### CONCLUSION

It is respectfully submitted that this Court award Perrotti the attorney's fees of John L. Senning and Senning & Rieder in the amount of $203,482.65, The Bohannon Law Firm in the amount of $13,458.95 which was incurred in the Declaratory Judgment Action, and the legal fees of Robinson & Cole LLP in the amount of $32364.92 in defending the Florida Litigation Action.

<div style="margin-left:50%">

DEFENDANT,
**FRANK PERROTTI, JR.**

By: _/s/ John L. Senning_
John L. Senning
Senning & Rieder
The Essex Law Group
16 Saybrook Road
Essex, Connecticut 06426
Tele: 860.767.2618
Fax: 860.767.2618
jlssealaw@aol.com

</div>

## CERTIFICATION

This is to certify that on November 7, 2005, a copy of the foregoing was mailed, postage prepaid, to James W. Carbin, Esq., Duane Morris LLP, 744 Broad Street, Suite 1200, Newark, New Jersey 07102.

_____
John L. Senning