FILED

2005 NOV -9 A 9: 22

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | CASE NO.: 301 CV 1410 (RNC) |
| Plaintiff, | **AFFIDAVIT OF GREGORY J. LIGELIS IN SUPPORT OF FRANK PERROTTI, JR.'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| FRANK PERROTTI, JR., | |
| Defendant. | OCTOBER 28, 2005 |

STATE OF CONNECTICUT  )
                      ) .ss:
COUNTY OF FAIRFIELD   )

**GREGORY J. LIGELIS**, being duly sworn, deposes and says:

1. I am a partner in the law firm of Robinson & Cole LLP, and I make this affidavit in support of Frank Perrotti, Jr.'s ("Perrotti") application to recover Robinson & Cole LLP's ("R&C") legal fees incurred in defense of the lawsuit brought by Johan Fourie against Frank Perrotti in United States District Court in Florida entitled *Johan Fourie v. Clean Waste, Inc. and Frank Perrotti, Jr. in personam, and the M/Y NEWS, her engines, tackle, etc., in rem,* Case No. CIV 01-7735 (ZLOCH) (the "Florida Action").

2. R&C represented Perrotti with respect to his various business interests and legal matters for over ten (10) years. In 2002, my colleague, Lawrence Coassin, was the partner that was primarily responsible for handling Perrotti's legal matters Mr. Coassin advised me that Connecticut Indemnity Company had declined to cover Perrotti, Clean Waste, Inc. and the vessel, M/Y NEWS, with respect to the seaman's personal injury claim and suit brought by Johan Fourie in the Florida Action.

3. The Florida Action was referred to me to defend since I am a proctor in admiralty with over thirty years experience in marine litigation and marine insurance. I am also an Adjunct Professor at The University of Connecticut Law School, and have taught courses on marine insurance and admiralty.

4. I retained Michael Moore from the law firm of Holland &Knight in Miami, who is a friend and colleague of mine in the maritime legal community for over twenty-five years, to act as local counsel in defending the Florida Action.

5. I was to be lead counsel and coordinate litigation strategy and supervise Holland & Knight in the Fourie Florida Action since I was familiar with Perrotti's files with respect to the vessel the M/Y NEWS. I began working on the action on January 2, 1002 by coordinating with Alexander Vitale, an associate of Holland & Knight, who was working with Michael Moore in defense of the Fourie Florida Action.

6. I refer to the invoices of R&C which were previously marked as Perrotti Exhibits B-9 in the Joint Pretrial Memo submitted dated August 2, 2005, copies of which previously were marked as Exhibit A. These invoices detail the extent of my involvement in the Fourie Florida Action. I prepared initial responses to all document production requests and interrogatories, forwarded them to Holland & Knight, and regularly engaged in litigation strategy discussions with them.

7. I reviewed all motions and pleadings and assisted in preparing responses to same.

8. I interviewed Bill Taylor of Sterling Yacht, the Manager of the vessel, and reviewed his files and documents with respect to the Fourie Florida Action. I also kept in regular

contact with co-counsel, John Senning, who was retained to defend the declaratory judgment action (Declaratory Judgment Action") brought by Connecticut Indemnity Company to keep him appraised of the developments in the Fourie Florida Action, the potential exposure in the litigation, and the status of settlement discussions.

9. After discovery had been concluded and the trial scheduled, I personally conducted all settlement negotiations with Johan Fourie's counsel in Florida, which ultimately resulted in settlement of the action. I negotiated the terms and conditions of the settlement and reviewed the settlement agreement. I then provided all of the relevant documentation concerning the settlement with John Senning, and provided documents and information to respond to discovery requests in the Declaratory Judgment Action with respect to the defense and settlement of the Fourie Florida Action. Legal fees incurred by my firm, R&C were $29,941.40 and disbursements of $2,425.52, for a total of $32,364.92 in defending the Fourie Florida Action and arriving at a settlement that was in the best interest of all parties, including Connecticut Indemnity Company.

10. I therefore respectfully request that the Court award to Perrotti the fees of R&C incurred in defense of the Fourie Florida Action. In addition, I respectfully request that the time expended set forth in the bills related to providing documents and information to John Senning on the settlement in order to oppose the Declaratory Judgment Action, be awarded to Perrotti as well.

11. I also retained the maritime law firm of Bohannon & Bohannon whom I have known for over fifteen years to represent Bill Taylor and Sterling Yacht in the Declaratory

Judgment Action. Separate counsel was retained because of a potential conflict of interest between Sterling Yacht and Perrotti. The fees incurred by the law firm of Bohannon & Bohannon totaled $13,458.95 (copies of which are attached hereto as Exhibit B) in the defense of the Declaratory Judgment Action and should be also be awarded to Perrotti since Perrotti was the prevailing party in the Declaratory Judgment Action instituted by Connecticut Indemnity Company.

_____
GREGORY J. LAGELIS

Sworn to before me this
_____ day of October 2005

_____
Notary Public

**JANET LaFORGIA**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES APR. 30, 2009

4