UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK PERROTTI, JR.,<br><br>    Defendant. | Index No. 301 CV 1410 (RNC) |

**PLAINTIFF CONNECTICUT INDEMNITY COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Plaintiff The Connecticut
Indemnity Company

On the Brief:

    James W. Carbin, Esq. (CT13762)

NWK\113503.1

## PRELIMINARY STATEMENT

Defendant Frank Perrotti, Jr. ("Perrotti") seeks to recover from plaintiff Connecticut Indemnity Company ("CIC") those attorney's fees which he allegedly incurred from three separate law firms, in connection with his defense of this declaratory judgment action and in defense of the underlying Fourie litigation in Florida.

Perrotti is not entitled to recover any of these attorney's fees. The instant action involves a suit on a Marine insurance policy invoking the Admiralty law of the United States. The United States Court of Appeals for the Second Circuit has consistently recognized the well-established federal Admiralty rule that attorney's fees are not recoverable in a Marine insurance dispute even after a finding of coverage absent a finding of bad faith. This rule preempts any contrary state law and requires the Court to deny Perrotti's request.

In order to circumvent this established Admiralty rule, Perrotti must present "clear" evidence that CIC acted in bad faith. This stringent standard requires Perrotti to prove that CIC has acted vexatiously, wantonly, or for oppressive reasons. Perrotti cannot meet this standard. Perrotti's assertion that CIC's "bad faith" is manifest in its decision to deny Perrotti's claim without issuing a reservation of rights is simply wrong, and Perotti offers no authority for the proposition. In fact, CIC gave Perotti a clear statement of its position by timely issuing a declination of coverage, thus negating the point of any reservation. Moreover, the Court's findings that there were significant questions concerning the coverage, and noting that there was important information that should have been communicated to the insurer such as the true owner and registry of the vessel expressly disproves any suggestion of bad faith. The ruling that CIC was not liable for the full value of the settlement in the underlying Fourie litigation implicitly recognized that CIC's coverage defenses had merit. Clearly, if the Court held that Perrotti

cannot recover the full value of his settlement from CIC, then it logically follows that CIC's coverage position was not asserted in bad faith.

Even if this Court were to hold that Perrotti is entitled to an award of attorney's fees (which is denied), the affidavits and billing records submitted by Perrotti are insufficient to support such an award. None of the bills are segregated into work performed for Perrotti in the underlying Fourie lawsuit as opposed to defending him in this declaratory judgment action. Instead, the bills clearly contain entries that pertain to both litigations. Additionally, Perrotti improperly seeks reimbursement of legal fees paid to a law firm that represented parties that, as the Court's ruling recognizes, were not insured under the CIC Policy nor named as defendants in this lawsuit. Even if the Court is inclined to grant attorney's fees, the reasonableness of the fees must be ascertained. In order to do so, CIC must be allowed to engage in discovery so as to test the veracity and reasonableness of Perrotti's legal bills.

## ARGUMENT

### POINT I

### THIS CIRCUIT RECOGNIZES THE ESTABLISHED RULE OF MARITIME LAW THAT ATTORNEY'S FEES ARE NOT ALLOWED IN ADMIRALTY CASES

State law may not be applied by a federal court if it would defeat or narrow a substantial Admiralty right. See Pope & Talbot v. Hawn, 346 U.S. 406, 409 (1953). Indeed, even in the absence of an established Admiralty principle, state law may be preempted if it is in contravention of the uniformity of the Admiralty law, or relates to an issue on which there should be a uniform Admiralty rule of law. In re M/T Alva Cape, 405 F.2d 962 (2d Cir. 1969).

In American Nat'l Fire Ins. v. J. Kenealy, 72 F.3d 264, 270 (2d Cir. 1995), the Second Circuit reaffirmed the established federal Admiralty rule that attorney's fees are not available to

a prevailing party in an insurance coverage dispute absent a finding of bad faith. In so holding, the Kenealy court reiterated its holding from Ingersoll Milling Mach. Co. v. M/V Bodena, 829 F.2d 293, 309 (2d Cir. 1987), that there is a broad federal admiralty rule prohibiting attorney's fees which rule preempts state law. Kenealy decided a coverage dispute under a Marine insurance policy covering the Hull and P&I liability of a high value pleasure yacht similar to Perotti's. Ingersoll also concerned a marine insurance policy coverage dispute.

Perrotti conveniently ignores the holding in Kenealy and inexplicably argues that Connecticut state law, not federal admiralty law, governs. Advancing these arguments in the face of clearly established Second Circuit precedent is the type of frivolous argument that should entitle CIC to recover its legal fees in having to oppose the motion. It is the same argument that Kenealy unequivocally rejected. In Kenealy, the insured argued that it was entitled to attorney's fees because the insurer had brought the declaratory judgment action and the insured had prevailed. Id. The insured contended that allowing attorney's fees was warranted under New York law. Id.

The Kenealy court categorically denied the insured's arguments, stating instead:

> While *Ingersoll* did not specifically examine cases brought by insurance companies, it **stated the federal prohibition against attorney's fees in admiralty suits in the broadest of terms**. It did not temper its holding by suggesting that a different rule would apply if the insurance company brought the action. **We believe that our holding in *Ingersoll* suffices to "establish" a federal admiralty rule, which now must be followed instead of state law**.

Id. [emphasis added].

Kenealy explicitly recognized that there is an established federal Admiralty rule regarding the unavailability of attorney's fees that must be followed to the exclusion of state law. Accordingly, whatever standard may be provided under Connecticut law with respect to

attorney's fees in insurance coverage disputes is irrelevant as federal admiralty law preempts such law.

Perrotti acknowledges the holding in Kenealy, yet incredulously argues that this Court should follow the holding of the Eleventh Circuit in All Underwriters v. Weisberg, 222 F.3d 1309 (11th Cir. 2000), which declined to follow Kenealy. Even if there were a split among the Circuits, this Court has recognized as recently as 2004 -- post All Underwriters -- that it is bound by precedent in the Second -- not Eleventh -- Circuit:

> Although other circuits have rejected the Kenealy analysis, this court is bound by Second Circuit precedent.

Derossi v. National Loss Management, 328 F. Supp.2d 283, 289 (D. Conn. 2004).

Other recent decisions from Courts in this Circuit have reaffirmed the holding in Kenealy. See, e.g., Protection Mut. Ins. Co. v. Silgan Plastics Corp., 2000 U.S. Dist. LEXIS 12927, * 2 (S.D.N.Y. 2000) (noting well-established Admiralty rule preempts state law). See also Interpool Ltd. v. Bernuth Agencies, Inc., 959 F. Supp. 644, 651 (S.D.N.Y) (same).

Kenealy and its progeny are the law of this Circuit and unambiguously adhere to the broad Admiralty rule that attorney's fees are not available in Marine Insurance disputes even upon a finding of coverage absent a showing of bad faith. This rule preempts Connecticut state law and compels this Court to deny Perrotti's application for attorney's fees.

## POINT II

### PERROTTI IS NOT ENTITLED TO ATTORNEY'S FEES AS HE HAS FAILED TO SHOW THAT CIC ACTED IN BAD FAITH

Perrotti acknowledges that, in order to recover attorney's fees under prevailing federal admiralty law, he must prove that CIC acted in bad faith in denying his claim. But Perrotti's

NWK\113503.1

assertion that this stringent standard has been met because CIC declined to defend him in the Fourie suit cannot, as a matter of law, constitute the requisite "bad faith," especially where the Court has expressly recognized the many missteps by Perrotti in applying for the insurance which led to CIC's understandable decision to deny coverage.

A mere denial of coverage, without anything more, is insufficient to constitute the requisite "bad faith" necessary to sustain a claim for attorney's fees under admiralty law. Instead, to constitute "bad faith," Perrotti must show that CIC acted vexatiously, wantonly, or for oppressive reasons. Puritan Ins. Co. v. Eagle S.S. Co., 779 F.2d 866, 873 (2d Cir. 1985). In order to prevail on a bad faith claim, Perrotti must present "clear evidence" that CIC's actions were entirely without color and were taken for reasons of harassment or delay or for other improper purposes. Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986).

Perrotti fails to present any, let alone "clear," evidence of CIC's purported bad faith. Perrotti offers nothing but the vaguest and most general of allegations. Perrotti baldly claims that CIC's bad faith is evident because it refused to provide a defense under a reservation of rights, and because it did not interview Perrotti prior to denying coverage. Such broad allegations, without specific evidence of malice, ill-will or spite do not constitute "bad faith." Indeed, if all that it takes to establish "bad faith" was a denial of coverage -- that later turned out to be in error -- then the effect would be to impose strict liability on an insurer which would negate the requirement that it acted in "bad faith."

Not only has Perrotti failed to allege sufficient facts to constitute "bad faith," but this Court has already found that CIC did not act in bad faith in denying Perrotti's claim and in

refusing to defend him in the Fourie litigation. In its September 30, 2005 decision, the Court held as follows:

> Plaintiff contends that Perrotti, in the capacity for which he was insured (i.e., his personal capacity), had no basis for paying Fourie to settle because Clean Waste, Inc. was clearly Fourie's employer, not him. I agree that if the case had been tried, Clean Waste, Inc. would have been held liable as Fourie's employer and the action against Perrotti probably would have been dismissed. . . .
>
> **In view of these considerations, it would be unreasonable to require plaintiff [CIC] to reimburse Perrotti for the full amount of the settlement. To require plaintiff [CIC] to pay the full amount would be reasonable if the policy had been issued in the name of Clean Waste, Inc., but that is not the case.** Perrotti is entitled to enforce the policy as it is, not as he would like it to be.

September 30, 2005, Opinion and Order at 26-27 [emphasis added].

Thus, the Court refused to find CIC liable for the full amount of the settlement in the Fourie case, because CIC had a valid basis to deny Perrotti's claim as Clean Waste was Fourie's employer and as Clean Waste was not the insured under the CIC Policy. It would be entirely inconsistent for the Court to -- on one hand -- absolve CIC from an obligation to pay the full amount of the Fourie settlement, and -- on the other -- find that CIC acted in bad faith in not defending Perrotti in the Fourie suit. The Court's decision reflects the fact that coverage under the CIC Policy was questionable and CIC was not guilty of "bad faith" for its bona fide decision to deny coverage -- in accordance with the advice of coverage counsel.

The Second Circuit ruling in <u>Ingersoll</u> is illustrative. There, the Court reversed an award of attorney's fees even though the lower court found that the insurer had "conjured up" a "strained reading" of the insurance policy. In doing so, the Court stated that:

> However, we note that the district court never explicitly found that Fireman's Fund acted in bad faith in denying Ingersoll's claim. . . . Whether the damage . . . was covered under the Fireman's Fund open

cargo policy seems to us to be a difficult issue, one which constitutes a perfectly valid basis for contest and litigation.

829 F.2d at 310.

The mere fact that CIC denied Perrotti's claim cannot constitute evidence of "bad faith," and in light of the Court's ruling can easily be seen to have been made in good faith based upon a legitimate question of coverage. This is even more so as the Court, in declining to award recovery on the full settlement, has implicitly recognized that CIC's coverage position – while ultimately unsuccessful – had merit and was not vexatious. Accordingly, Perrotti cannot demonstrate that CIC acted in bad faith and its request for attorney's fees must be denied.

## POINT III

### PERROTTI HAS NOT DEMONSTRATED THAT HIS ATTORNEY'S FEES WERE REASONABLY INCURRED IN DEFENDING THIS SUIT

Perrotti claims that he is entitled to recover attorney's fees allegedly paid to the following law firms: Robinson & Cole ($32,364.92); Bohannon & Bohannon ($13,458.95); and Senning & Rieder ($203,482.65).

As noted above, the law of this Circuit holds that Perrotti is not entitled to recoup any of his attorney's fees incurred in defending against this declaratory judgment action. Therefore, any claim for legal services which were rendered in connection with the instant action must be disallowed.

Even if the Court were to find that Perrotti is entitled to an award of attorney's fees, his claim must still be disallowed because he has failed to properly segregate fees incurred in defending the Fourie lawsuit from those incurred in this declaratory judgment action.

A.  **Robinson & Cole**

The Court should disallow much of Robinson & Cole's attorney's fees as they are: (a) duplicative of the fees awarded to Holland & Knight in the Fourie suit and unreasonable; and (b) incurred in connection with the declaratory judgment suit, for which no recovery can be had.

In his affidavit, attorney Ligelis admits that Perrotti contacted his firm to represent him in the Fourie litigation. ¶¶ 2-3. Ligelis admits that he referred the matter to Holland & Knight in Miami, to act as local counsel, but that he would continue to act as "lead counsel" though he never appeared as counsel or made any appearance. Id. ¶¶ 4-5.

Ligelis further admits that he kept in regular touch with co-counsel John Senning with respect to the declaratory judgment action brought by CIC. Id. ¶ 8. Indeed, the Robinson & Cole billing records reflect many conversations with Senning. See Invoice No. 47373137 (June 3, 2002) (referring to multiple conversations with Senning).

There has been no attempt to segregate the Robinson & Cole bills to reflect those fees incurred in defending the Fourie suit as opposed to those incurred in defending the declaratory judgment action. Additionally, the Ligelis Affidavit does not indicate whether Perrotti has actually paid the invoices. Moreover, it is impossible to tell from the bills whether the services performed by Robison & Cole were duplicative of those performed by Holland & Knight, and thus unnecessary.

B.  **Bohannon & Bohannon**

Ligelis states that he hired the maritime firm of Bohannon & Bohannon to "represent Bill Taylor and Sterling Yacht in the Declaratory Judgment Action" because of a potential conflict of interest between Sterling Yacht and Perrotti. Ligelis Aff. ¶ 11.

The fees incurred by Bohannon are not recoverable for a number of reasons. First, a prevailing party cannot recover its attorney fees in an admiralty case in the absence of bad faith. Second, Bohannon was retained to represent Bill Taylor and Sterling Yacht who were not insured under the CIC Policy, were not parties to the declaratory judgment action, and were not prevailing parties in this suit. Thus, CIC has no obligation to pay the legal fees of a third-party who was not a defendant in the coverage litigation. Third, there is no affidavit from any attorney from the Bohannon firm attesting to the reasonableness of the fees and that they were necessarily incurred in defending Perrotti in the declaratory judgment action.

C. **Senning & Rieder**

Perrotti seeks an award for the attorney's fees allegedly incurred by Senning & Rieder in connection with the defense of the declaratory judgment suit. Perrotti is not entitled to recover these fees for the following reasons.

First, the established maritime rule recognized in Kenealy precludes Perrotti from recovering his attorney's fees absent a showing of bad faith. Because no such bad faith has been shown, there is no basis for the Court to award attorney's fees.

Second, although Senning claims to have been retained to represent Perrotti in the declaratory judgment action (Senning Aff. ¶ 2), some of his work clearly pertains to the underlying Florida action. For example, Senning admits that he agreed to "coordinate" and "maintain liaison with other attorneys representing the defense of [Perrotti's] interests in the Florida action as well as his general legal counsel." Id. ¶ 4. Moreover, in the "re" line of his bills, it lists three matters: (1) The Connecticut Indemnity Co. v. Frank Perrotti, Jr.; (2) Johan Fourie v. Frank Perrotti, Clean Waste, Inc. and the M/V NEWS; and (3) Clean Waste, Inc. v. CIC et al. The last two matters are not the instant declaratory judgment action. It is clear that

the bills pertain not just to this action, but also are lumped together with billing for the Fourie suit. Therefore, Senning must segregate those fees and expenses incurred in this action as opposed to the Fourie suit.

If the Court is inclined to grant an award of attorney's fees, the Court must determine the "lodestar" which is calculated by multiplying the "reasonable" hours expended by Perrotti's attorneys by a "reasonable" hourly rate. <u>Di Filippo v. Morizio</u>, 759 F.2d 231, 234 (2d Cir.1985). In order for the Court to make a determination as to the reasonableness of Perrotti's legal fees, CIC submits that discovery is needed on the following issues:

- whether the Robison & Cole, Bohannon and Senning bills contain duplicative charges for work performed by Holland & Knight in defending Perrotti in the Fourie suit;

- the extent to which the Robison & Cole, Bohannon and Senning bills reflect work they performed in connection with the instant declaratory judgment action as opposed to the Fourie suit;

- whether Perrotti has paid the Robison & Cole, Bohannon and Senning invoices; and

- an audit of the Robison & Cole, Bohannon and Senning invoices to ensure that the work billed for was actually performed.

If the above information is not provided, the Court will have no basis to make any determination as to the reasonableness of the legal fees, and as a result any award would be purely speculative. Therefore, CIC should be given the opportunity to conduct discovery in order to verify the veracity and accuracy of Perrotti's attorney's fees before the Court makes any award.

## CONCLUSION

CIC respectfully submits that Perrotti is not entitled to attorney's fees because the established admiralty rule of the Second Circuit precludes an award of attorney's fees absent "clear evidence" of bad faith. Perrotti has failed to provide any evidence that CIC acted in bad faith and this Court has previously ruled that CIC had a legitimate basis to contest coverage. If, however, the Court does decide to award attorney's fees, then Perrotti must segregate those fees incurred in this action from those in the Fourie action, and CIC is entitled to test the reasonableness of these fees through additional discovery. Moreover, Perrotti is not entitled to recover attorney's fees spent to defend the interests of non-parties such as Bill Taylor and Sterling Yacht.

Respectfully submitted,

DUANE MORRIS LLP
A Delaware Limited Liability Partnership

By: /s/ James W. Carbin
James W. Carbin, Esq. (CT13762)
Attorneys for Plaintiff
The Connecticut Indemnity Co.

12