UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, | : : | CASE NO.: 301 CV 1410 (RNC) |
| Plaintiff | : | |
| v. | : | |
| FRANK PERROTTI, JR., | : | DECEMBER 20, 2005 |
| Defendant | : | |

**DEFENDANT'S SUR-REPLY TO ITS MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION FOR ATTORNEYS' FEES**

**ARGUMENT**

This Sur-Reply is submitted on behalf of the Defendant's Frank Perrotti, Jr. Memorandum of Law in Support of his Motion for Attorney's Fees. The Connecticut Indemnity Company ("CIC") has clearly continued to misconstrue the nature of this action despite this Court's rulings to the contrary. Defendant, Frank Perrotti, Jr.'s ("Perrotti") Memorandum of Law has established the right of an insured to recover attorney's fees in Connecticut from an insurance company who wrongfully refused to provide the insured a defense under a liability policy. This is a substantive right granted by Connecticut Law. CIC's characterization of this matter as solely an admiralty matter is patently incorrect. The policy itself stated that Connecticut law governed this dispute and this Court has so confirmed same in its rulings and orders. The insurance policy in this case was issued by a Connecticut insurance company to a Connecticut resident.

In the admiralty context, this is a case of first liability impression. CIC has failed to cite any admiralty case which has ruled that an insured under yacht insurance policy is

not entitled to recover attorney's fees in a situation where it has been held that the insurer breached its duty of providing a defense to the insured in a separate liability action. The refusal of CIT to provide a defense under such specific circumstances is therefore bad faith. CIC conveniently overlooks the fact that the Florida Action was not merely a Jones Act action against Frank Perrotti, Jr., but that it was, in fact, an action asserted *in rem* against the yacht for unseaworthyness as well. There is no dispute that the yacht itself was in fact covered by the insurance policy. Perrotti had an insurable interest in the yacht, and the yacht would have been held liable for its unseaworthyness. Clearly this entitled Perrotti to have the insurance company provide a defense to the action. Thus the failure to do so was, in and of itself, bad faith. Further, CIC ignores that point and merely focuses on the Jones Act cause of action. There is clearly no uniform maritime law or compelling interest which requires that when an insured successfully defeats a declaratory judgment action in the situation where the insurance company failed to provide the insured with a defense, that the insured should be further penalized by having to bear the attorney's fees incurred in defeating the declaratory judgment action itself. The Circuits themselves are divided on whether there is such a uniform rule at all. CIC conveniently ignores the fact that this Court has held that CIC breached its duty to provide a defense to Perrotti. The refusal to provide a defense to a Connecticut insured under an insurance policy regulated by Connecticut law should be left untouched by maritime law. *CF Pace v. Insurance Company of North America,* 838 F.2d 572, 578-79 (1st Cir. 1988)(cited in Perrotti's November 7, 2005 memorandum of law).

    CIC now, for the first time, seeks discovery regarding the nature and the amount of the attorney's fees asserted by Perrotti. CIC has known from the outset of this action

that Perrotti would be seeking attorney's fees, and CIC never requested discovery on this point. The legal bills in itemized form were provided to CIC without timely objection. Therefore, CIC has waived their right to undertake and/or obtain discovery with respect to the attorneys' fees at this time.

Perrotti has demonstrated in its initial Memorandum of Law dated November 7, 2005, that *Kenealy* decision, at best, was a broad statement that did not deal with the particular issue of whether an insurer was obligated to pay the attorney's fees of the insured, where the insured had breached its duty to provide a defense to the insured. The decision in *Kenealy,* clearly is distinguishable from the facts pertaining to this case. Its broad holding does not apply to the facts here, particularly where there is a substantive legal right involved under Connecticut, namely the right of the insured to recover attorney's fees where a Connecticut insurer has wrongfully refused to provide a defense to a Connecticut insured. Any plausible contrary maritime rule which is not uniform in these circuits cannot be used to preempt an established Connecticut state law with respect to a substantive right.

## **CONCLUSION**

Perrotti hereby submits that under Connecticut law, he has a substantive legal right to an award of attorney's fees, particularly where there is no federal admiralty precedent barring the recovery of attorney's fees in a case where it has been determined that an insurer wrongfully refused and breached its duty to provide a defense to the insured.

Furthermore, CIC has waived its right to have discovery on attorney's fees since it knew from the outset of the litigation, that a claim for those fees would be asserted in this

action. Accordingly, the Court should award Perrotti its legal fees.

        **DEFENDANT,**
        **FRANK PERROTTI, JR.**

By: _____
    John L. Senning
    Senning & Rieder
    The Essex Law Group
    16 Saybrook Road
    Essex, Connecticut  06426
    Tele: 860.767.2618
    Fax:  860.767.2618
    jlssealaw@aol.com

## **CERTIFICATION**

     This is to certify that on December___, 2005, a copy of the foregoing was mailed, postage prepaid, to James W. Carbin, Esq., Duane Morris LLP, 744 Broad Street, Suite 1200, Newark, New Jersey  07102.

                                                      _____
                                                       John L. Senning