STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE CONNECTICUT INDEMNITY
COMPANY,

    :    CASE NO.: 301 CV 1410 (RNC)

        Plaintiff,

    :

v.

    :

FRANK PERROTTI, JR.,

    :    NOVEMBER 7, 2005

        Defendant.

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Defendant, Frank Perrotti, Jr. ("Perrotti") in the above-captioned action, by his attorney

August 21, 2006.    *The Connecticut Indemnity Company v. Frank Perotti, Jr.,*
                  3:01-CV-1410 (RNC)

Re:  Defendant's Motion for Attorneys' Fees (Doc. # 124).

Denied.  Defendant's request for an award of the attorneys' fees and
expenses he incurred in defending this declaratory judgment action is
denied with prejudice.  There is an established rule in this Circuit that
an award of fees and expenses in admiralty actions is discretionary with
the district judge upon a finding of bad faith.  Ingersoll Milling Mach.
Co. v. M/V Bodena, 829 F.2d 293, 309 (2d Cir. 1987); Am. Nat'l Fire Ins.
Co. v. Kenealy, 72 F.3d 264, 270 (2d Cir. 1995).  This rule trumps any
state law on the subject of attorney's fees.  Am. Nat'l Fire Ins. Co., 72
F.3d at 270 (Ingersoll establishes a federal admiralty rule that must be
followed instead of state law).  Applying this rule, defendant's request is
denied because he has failed to establish that plaintiff is guilty of
acting in bad faith.  Defendant's request for an award of attorneys' fees
for services rendered by Robinson & Cole in the underlying action of Fourie
v. Clean Waste, Inc. is denied without prejudice.  Plaintiff reasonably
contends that it cannot determine from the invoices submitted (1) whether
the work was performed in defense of the Fourie action (as opposed to the
defense of this action) and, if so, (2) whether the charges are duplicative
of fees already awarded by this court.  Defendant may file a new motion on
or before September 18, 2006, seeking an award of reasonable fees and costs
based on work performed by Robinson & Cole in defending him in the Fourie
action only.  Any discovery requests must be served by the plaintiff on or
before October 4, 2006. So ordered.

Robert N. Chatigny, U.S.D.J.