## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

THE CONNECTICUT INDEMNITY
COMPANY,

        Plaintiff,

        v.

FRANK PERROTTI, JR.,

        Defendant.

Index No. 301 CV 1410 (RNC)

## PLAINTIFF CONNECTICUT INDEMNITY COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Defendant Frank Perrotti, Jr. ("Perrotti") seeks to recover from plaintiff Connecticut Indemnity Company ("CIC") the attorneys' fees and costs of Robinson & Cole LLP ("Robinson & Cole"), which he allegedly incurred in defense of the Fourie litigation in Florida.

Defendants' motion should be denied in its entirety. There is no evidence that Robinson & Cole's activities relative to the defense of the case were necessary. There is no showing that Robinson & Cole added any value to the defense, indeed there is no indication that Mr. Ligelis appeared of record in addition to the experienced counsel that did appear for Perrotti. Any bills incurred by Robinson & Cole were unnecessary and are objectively unreasonable. Indeed, Mr. Ligelis's published resume does not even mention any experience handling personal injury matters, not to mention Jones Act injuries. See Mr. Ligelis's "Biography" as of October 3, 2006, attached hereto as Exhibit A.

Should the Court decide, however, to consider awarding attorneys' fees for services rendered by Robinson & Cole, the affidavit and revised billing records submitted are insufficient to support such an award. Before any award of attorneys' fees are made, the reasonableness of

the fees must be ascertained. Plaintiff has served discovery upon defendant relative to the bills, to which defendant has not responded and without which CIC is handicapped from fully addressing this application.

Perrotti claims that he is entitled to recover attorneys' fees allegedly paid to Robinson & Cole in the amount of $21,036.42. The Court should disallow much of Robinson & Cole's attorney's fees as they were unnecessary, duplicative and unreasonable.

In his affidavit, attorney Ligelis states that he referred the matter to Holland & Knight in Miami, to act as local counsel, but that he would continue to act as "lead counsel". But neither Ligelis nor Robinson and Cole ever appeared as counsel or made any appearance on the record in the underlying action. Ligelis Affidavit at ¶¶ 5-6.

Ligelis attaches revised Robinson & Cole bills allegedly reflecting those fees incurred in defending the Fourie suit. But the descriptions of services rendered are vague and duplicative at best. For example, Ligelis apparently reviewed a draft answer on January 11, 2002 for one hour; reviewed a draft answer on January 15, 2002 for unspecified additional time (included as part of a multiple-entry "bulk" bill for two hours); reviewed an answer on January 22, 2002 for unspecified additional time (included as part of a "bulk" bill for one hour); and reviewed pleadings on January 29, 2002 for 0.3 hours (originally included as part of a "bulk" bill for 2.5 hours). On April 8, 2002, Ligelis reviewed medical records and prepared a letter to Vitale at Holland & Knight for one hour. Based upon these billing records alone, the amount of time spent repeating the same tasks appears unreasonable and calls into question the reasonableness of all of the entries.

Additionally, Ligelis's Affidavit does not indicate whether Perrotti actually paid the invoices. Moreover, it is impossible to tell from the bills why the services supposedly performed

2

by Robinson & Cole were necessary given the engagement of Holland & Knight, a large, established Admiralty defense firm local to where the suit was venued.

Moreover, nowhere does Ligelis state that he has experience or expertise handling personal injury or Jones Act matters. As such, Ligelis's involvement was unnecessary to the defense. Certainly, Holland & Knight's attorneys could have handled the defense on their own. Ligelis's own billing entries, if correct, illustrate that he lacks experience in defending personal injury matters. An experienced personal injury litigator would not require over four hours to review an answer to a personal injury complaint.

If the Court is inclined to grant an award of attorneys' fees, the Court must determine the reasonableness of the hours expended and of the hourly rate. Di Filippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985). For the Court to make a determination as to the reasonableness of Perrotti's legal fees, CIC submits that discovery is needed on the following issues:

- the extent to which the Robinson & Cole's bills reflect work they performed in connection with the instant declaratory judgment action as opposed to the Fourie suit;

- whether the Robinson & Cole's bills contain duplicative charges for work performed by Holland & Knight in defending Perrotti in the Fourie suit;

- whether Perrotti has paid the Robinson & Cole invoices; and

- whether the work performed by Robinson & Cole was necessary.

If the above information is not provided, the Court will have no basis upon which to make any determination as to the reasonableness of the legal fees, and as a result, any award will be purely speculative. Therefore, CIC requests the opportunity to conduct discovery and depositions in order to support Perrotti's attorney's fees before the Court makes any award.

Therefore, CIC respectfully submits that Perrotti is not entitled to attorney's fees because he has not met his burden of showing that the services of Robinson & Cole were necessary to

3

defend the Fourie suit. Alternatively, CIC respectfully submits that if the Court does consider

awarding attorney's fees, then CIC requests discovery to test the reasonableness of these fees, as

outlined above.

Respectfully submitted,

DUANE MORRIS LLP
A Delaware Limited Liability Partnership

By:     *James W Carbin*

James W. Carbin, Esq.  (CT13762)
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102
Tel.: (973) 424-2000
Fax: (973) 424-2001

Attorneys for Plaintiff
The Connecticut Indemnity Co.

4